Jackie Sue DAUGHERTY, By Guardian and Next Friend, James Lloyd Daugherty, Plaintiff,

v.

The FIRESTONE TIRE AND RUBBER COMPANY, Defendant.

Civ. A. No. C79–1340A.

United States District Court, N. D. Georgia, Atlanta Division.

March 4, 1980.

Edgar A. Neely, Jr. and Ronald D. Reemsnyder, Neely, Player, Hamilton & Hines, Atlanta, Ga., for plaintiff.

Harold S. White, Jr. and Burt DeRieux, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This is a products liability case in which plaintiff seeks compensatory and punitive damages from Firestone as a result of the alleged explosion of a Firestone tire. The case comes before the court on Firestone's

Motion to Strike; Motion for More Definite Statement; and Motion to Dismiss for Failure to State a Claim for Which Relief Can Be Granted and for Partial Judgment on the Pleadings.

*Motion to Strike:*

■ Firestone moves the court pursuant to Rule 12(f), Fed.R.Civ.P., to strike paragraphs 27 through and including the first two sentences of paragraph 35 of Count XI of plaintiff's complaint on the ground that the allegations are redundant, immaterial, impertinent and scandalous, and are actually prejudicial to defendant. The court finds that these paragraphs relate to plaintiff's attempts to show fraud and other matters in support of the punitive damages claim.

■ Motions to strike are not favored under the federal rules. "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." 2A Moore's Federal Practice, ¶ 12.21[2] (1979). The cases cited by Firestone are distinguishable on their facts. The Motion to Strike is DENIED.

*Motion For More Definite Statement:*

Firestone asserts that the complaint fails to specify what manufacturing defects existed, what danger plaintiff was exposed to, and what directives on recall Firestone disobeyed. Though it is not dispositive of the issue, the court notes that all three points are matters more within Firestone's knowledge than plaintiff's. Firestone does not claim that it was impossible to frame an answer; the complaint has been answered. Firestone's main contention is that the vagueness of the complaint will hamper Firestone in planning its trial evidence.

■ ". . . [A] motion for a more definite statement should not be granted to require evidentiary detail normally the subject of discovery under Rules 26 through 36." 2A Moore's Federal Practice, ¶ 12.18 (1979). The court finds that the complaint

is not "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Rule 12(e). Accordingly, the Motion for More Definite Statement is DENIED.

*Motion to Dismiss and for Partial Judgment on the Pleadings:*

■ In response to this motion the court finds no bar in the instant case to jury consideration of punitive damages. Pyramiding of punitive damages awards may be avoided by appropriate jury instructions and by evidence of former punitive damage awards which Firestone has been compelled to pay.

■ The constitutional objections raised by Firestone to the award of punitive damages in this case are without merit. Punitive damages here will not unduly burden interstate commerce; nor constitute a taking of property without due process of law; nor subject Firestone to double jeopardy or cruel and unusual punishment. The court further finds that Ga.Code Ann. §§ 105–106, upon which plaintiff's Counts IV and V are grounded, does not deny Firestone due process and equal protection.

■ With reference to whether plaintiff has alleged fraud with sufficient particularity, the court finds that the circumstances of the fraud are sufficiently well set forth in the complaint to satisfy Rule 9(b).

To the extent that the motion is based upon Firestone's allegation that plaintiff in this action is not the real party in interest as to any purported claim, the denial of this motion shall be without prejudice to Firestone's right at trial to attempt to prove the same. With this exception, the motion is DENIED.

Accordingly, the Motion to Strike is DENIED; the Motion for More Definite Statement is DENIED; and the Motion to Dismiss etc. is DENIED with the reservation noted.