Mose MATHIS and Sidney Mathis, Plaintiff,

v.

VELSICOL CHEMICAL CORPORATION, Defendant.

VELSICOL CHEMICAL CORPORATION, Counter-claimant,

v.

Mose MATHIS and Sidney Mathis, Counter-defendant.

Civ. A. No. 4:91–CV–24–HLM.

United States District Court, N.D. Georgia, Rome Division.

Dec. 30, 1991.

Charles Gammon Wright, Jr., Office of Charles Gammon Wright, Jr., Chattanooga, Tenn., for Mose Mathis and Sidney Mathis.

Patricia T. Barmeyer and Leslie Allen Paul Oakes, King & Spalding, Atlanta, Ga., for Velsicol Chemical Corp.

## ORDER

HAROLD L. MURPHY, District Judge.

This case is before the Court on counter-claimant's Motion for Partial Judgment on the Pleadings and Motion to Strike. Counter-claimant ("Velsicol") has filed this combined Motion under Federal Rule of Civil Procedure 12(c), 12(f) and 12(h). Velsicol

wants this Court to determine, as a matter of law, that Plaintiffs are "liable" persons under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (CERCLA) § 107(a), 42 U.S.C. § 9607(a). Velsicol also moves this Court under Rule 12(f) to strike some of Plaintiffs' affirmative defenses.

## FACTS

Plaintiffs are joint owners of land in Walker County, Georgia, and Velsicol is a chemical manufacturer located in Chattanooga, Tennessee. Between 1973 and 1984 Plaintiffs contracted with Velsicol to dispose of thousands of drums of industrial waste. Plaintiffs claim that they were under the impression that the drums were to be non-hazardous waste only, while Velsicol claims that Plaintiffs knew that some of the waste contained hazardous materials. Regardless of the parties initial understanding, Plaintiffs have subsequently learned that the drums which are buried on their land, "Marble Top Landfill", actually contain hazardous material, not non-hazardous material. Consequently, after Plaintiffs discovered the contents of the drums, they filed this lawsuit against Velsicol, sounding in nuisance and trespass to land, seeking $500,000 compensatory and $2,000,000 punitive damages.

Velsicol has counterclaimed under three separate theories: (1) CERCLA contribution; (2) contractual indemnification; and, (3) breach of contract. Velsicol asserts that Plaintiffs are "liable" parties as that term is defined in CERCLA and as such Velsicol is entitled to contribution from Plaintiffs for all the response costs incurred by Velsicol. The second and third counterclaims arise from Velsicol's assertions that Plaintiffs are contractually bound for either contribution or indemnification concerning the costs incurred in connection with the waste disposed of and the environmental liabilities which have subsequently arisen. At the time of filing of the counterclaim those costs totaled over $1.2 million.

Plaintiffs answered Velsicol's counterclaims and raised numerous affirmative defenses. These defenses and Velsicol's request to have Plaintiffs defined as liable parties under CERCLA are the subject of Velsicol's current motion.

## I. MOTION FOR JUDGMENT ON THE PLEADINGS

Velsicol has moved this Court for a Judgment on the Pleadings, under Federal Rule of Civil Procedure 12(c). Velsicol wants the Court to determine that Plaintiffs are liable parties under CERCLA. Plaintiffs claim, however, that even though they might be liable parties under CERCLA, they are covered by one of CERCLA's statutory defenses, 42 U.S.C. § 9607(b)(3), and, therefore, the Court cannot declare them a liable party under CERCLA.

Under Rule 12(c), a party may move for judgment on the pleadings after "the pleadings are closed but within such time as not to delay the trial." FED.R.CIV.P. 12(c). For purposes of the motion, all of the factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are to be taken as false. *See Parker v. DeKalb Chrysler Plymouth*, 459 F.Supp. 184, 187 (N.D.Ga.1978) (Murphy, J.), *aff'd*, 673 F.2d 1178 (11th Cir.1982). These motions have their most utility when "all material allegations of fact are admitted in the pleadings and only questions of law remain." 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 at 510 (1990). Such is the situation with the Motion currently before the Court.

1. CERCLA LIABILITY AND "LIABLE" PARTIES

■ To establish that Plaintiffs are liable persons under CERCLA, Velsicol must prove that Plaintiffs: (1) are or were at the time of disposal owners or operators; (2) of a facility; (3) at which there was a release or threatened release of hazardous substance; and, (4) which caused another person to incur response costs consistent with the national contingency plan. 42 U.S.C. § 9607(a). *See United States v. Fleet Factors Corp.*, 901 F.2d 1550, 1553–54 (11th Cir.1990), *cert. denied*, — U.S. —,

111 S.Ct. 752, 112 L.Ed.2d 772 (1991); *Kelley v. Thomas Solvent Co.*, 790 F.Supp. 710 (W.D.Mich.1990); *United States v. Parsons*, 723 F.Supp. 757, 760 (N.D.Ga.1989) (Murphy, J.).

CERCLA liability is strict liability regardless of a person's knowledge or intent. *Parsons*, 723 F.Supp. at 760. The only way to avoid liability once a party has been declared liable under CERCLA is to prove that "the release or threat of release of a hazardous substance and the damages resulting therefrom were **caused solely** by: (1) an act of God; (2) an act of war; (3) an act or omission of a third party **other than ... one whose act or omission occurs in connection with a contractual relationship,** existing directly or indirectly, with the defendant ... if the defendant established by a preponderance of the evidence that (a) he exercised due care with respect to the hazardous substance ... and (b) he took precautions against the foreseeable acts or omissions of any such third party....; or, (4) any combination of the forgoing paragraphs." 42 U.S.C. § 9607(b) (emphasis added).

Plaintiffs have admitted that they were owners of the facility at the time the hazardous material was transported there; that they are the current owners of the facility; that the Marble Top Landfill is a facility under CERCLA; that the EPA has determined that a release or threatened release has occurred at the facility; and, that Velsicol has incurred "response costs." *Reply of Mose and Sidney Mathis* at ¶ VI, VII, IX, X & XI. Instead of admitting that the response costs are consistent with the National Contingency Plan, however, Plaintiffs have stated that they do not know if the costs are consistent. Therefore, under the Federal Rules their answer is considered as a denial regarding whether the costs are consistent with the Plan. *See* FED.R.CIV.P. 8(b). This denial, however, does not affect whether Plaintiffs are liable parties under CERCLA, it only affects what expenses Velsicol can collect in this private action under CERCLA. *See United States v. Western Processing Co., Inc.*, 734 F.Supp. 930, 942 (W.D.Wash.1990). Accordingly, because of these admissions, Plaintiffs are liable parties under CERCLA unless they can establish one of the four statutory defenses.

Plaintiffs do not contend that any act of God or war caused the release or threat of release of the hazardous materials. 42 U.S.C. § 9607(b)(1) & (2). Instead, Plaintiffs contend that the threat of release was caused solely by a third party with no contractual relationship with them. 42 U.S.C. § 9607(b)(3). This defense is clearly inapplicable to Plaintiffs in this case, however, as Plaintiffs have admitted that there was a contract between Velsicol and Plaintiffs by which Plaintiffs agreed to transport and dispose of the waste. *Reply of Mose and Sidney Mathis* ¶ I. Consequently, this Court concludes, as a matter of law, that Plaintiffs are "liable" as that term is used in 42 U.S.C. § 9607(a), *see United States v. Argent Corp.*, No. CIV 83–0523 BB, 1984 WL 2567 (D.N.M.1984), and, accordingly, the Court grants Defendant's Motion for Judgment on the Pleadings. This determination, however, has no impact on who will bear the ultimate burden of paying the response costs or whether those costs incurred by Velsicol are consistent with the National Contingency Plan.

## II. MOTION TO STRIKE DEFENSES

Federal Rule of Civil Procedure 12(f) provides that a party may by motion request the Court to strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." *Id.* These types of motions are disfavored, however, and should not be granted when the sufficiency of the defense depends upon disputed issues of fact or unclear questions of law. *See, e.g., United States v. Fairchild Indus. Inc.*, 766 F.Supp. 405 (D.Md.1991); *Kelley v. Thomas Solvent Co.*, 714 F.Supp. 1439, 1442 (W.D.Mich. 1989); *United States v. Marisol, Inc.*, 725 F.Supp. 833 (M.D.Pa.1989); *Daugherty v. Firestone Tire & Rubber Co.*, 85 F.R.D. 693 (N.D.Ga.1980). " 'Matter will not be striken from a pleading unless it is clear that it can have no possible bearing upon

the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue the motion should be denied.'" *Daugherty*, 85 F.R.D. at 695 (quoting 2A MOORE'S FEDERAL PRACTICE ¶ 12.21[2] (1979)).

Nevertheless, motions to strike are useful tools to narrow a lawsuit down to its essential components and pare away the superfluous material. These motions serve a useful purpose by eliminating insufficient defenses and saving time and resources of the litigants by allowing them to concentrate on the real issues of the litigation. *See Marisol, Inc.*, 725 F.Supp. at 836. Consequently, keeping in mind the requirements under Rule 12(f), this Court will only strike those defenses which are clearly incompatible with the counterclaim and those that are irrelevant to the issues involved in this case.

Velsicol has moved to strike fourteen of Plaintiffs asserted affirmative defenses. Some of the defenses are the same as to all three claims, and when able this Court will consider them together. Otherwise, the Court will address each of Velsicol's requests in turn as they are raised in its motion.

1. NONCONTESTED OR WITHDRAWN ASSERTIONS

In Plaintiffs' answer to Velsicol's counterclaim, Plaintiffs assert that the Court is without jurisdiction to hear all three counter-claims. *See Reply of Mose and Sidney Mathis* ¶¶ 30, 31, 43, 44, 54 & 55. Velsicol moves to strike each of these defenses as being legally inadequate because the Court clearly has jurisdiction as to compulsory counterclaims and to all claims under CERCLA. Plaintiffs do not address Velsicol's arguments concerning their jurisdictional defenses; therefore, Velsicol's Motion as to these defenses is unopposed. LR 220–1(b)(1) NDGa. The Court concludes that it has jurisdiction as to all Velsicol's counterclaims and, accordingly, strikes these defenses under Federal Rule of Civil Procedure 12(f). *See* FED.R.CIV.P. 8(a), 13(a); 42 U.S.C. § 9613(b).

Velsicol also has moved to strike Plaintiffs ¶ 41 as being redundant with ¶ 33.

Both paragraphs assert lack of good faith action by Velsicol in connection with Velsicol's obligations under the contracts between the parties. Paragraph 33 addresses lack of good faith under the claim for contribution, while paragraph 41 asserts lack of good faith as to the claim for indemnification. Although these two defenses may appear redundant because they allege the same conduct, they are not technically duplicative because they address two different claims. In addition, Velsicol has also withdrawn its motion to strike ¶ 35 concerning voluntary acceptance of liability under the indemnification claim and, therefore, that request is moot. Accordingly, Velsicol's motion to strike ¶¶ 41 & 35 is denied.

2. CONTRIBUTION CLAIM DEFENSES

Velsicol wants this Court to strike four other affirmative defenses put forward by Plaintiffs concerning its contribution claim. Plaintiffs' defenses state: "Contribution is defended on the ground that (1) parties did not act jointly; (2) the damages incurred by Velsicol were voluntary and not compulsory; (3) the total liability is unknown; and, (4) no civil action under 42 U.S.C. § 9606 or 9607(a) is pending." *See Reply of Mose and Sidney Mathis* at ¶ 23, 24, 25 & 29.

[3] Velsicol has filed this claim for contribution under 42 U.S.C. § 9613(b). That statute states that any person may "seek contribution from any other person who is liable under 9607(a), **during or following** any civil action under § 9606 or § 9607 of this title.... In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate. Nothing in this subsection shall diminish the right of any person to bring an action for contribution **in the absence of a civil action** under § 9606 or § 9607 of this title." *Id.* (emphasis added). This statute by its plain terms and meaning prevents Plaintiffs from maintaining a defense concerning the pendency of a civil action under CERCLA. Because this Court has already determined that Plaintiffs are liable parties under CERCLA, Velsicol has

a cause of action for contribution against Plaintiffs regardless of the existence of a civil action under sections 9606 or 9607. Consequently, Plaintiffs' paragraph 29, is striken.

■ Plaintiffs defense that because the total liability is unknown, Velsicol cannot institute a statutory cause of action for contribution is also inapposite. *Mathis Reply* at ¶ 25. CERCLA allows a claim for contribution "during or following" civil actions. 42 U.S.C. § 9613(b). A ruling in Plaintiffs' favor on Velsicol's motion to strike would mean that all claims for contribution could be filed only after all response costs have been paid and ascertained. Such a ruling runs afoul of both the plain meaning of the statute and Federal Rule of Civil Procedure 14(a) which allows impleader claims for contribution before a final judgment has been rendered. Furthermore, section 9613(g) provides that a court can enter an order concerning costs and damages that will be binding in any subsequent action to recover additional response costs. 42 U.S.C. § 9613(g). Therefore, the statute itself provides that the final determination of the amount of the response costs is not necessary to the institution of a cause of action for CERCLA contribution. *See Kelley v. Thomas Solvent Co.*, No. K86–164, K86–167, 1991 U.S.Dist.LEXIS 12585, at *19–20 (W.D.Mich. Sept. 21, 1990). Accordingly, paragraph 25 is also striken.

■ As to the last two defenses concerning joint action and voluntary acceptance of liability, paragraphs 23 and 24, these defenses will not be striken as they pertain to the equitable matters the Court will consider in apportioning responsibility for paying the response costs. 42 U.S.C. § 9613(f). *See United States v. R.W. Meyer, Inc.*, 932 F.2d 568, 571 (6th Cir.1991). These defenses, however, are not applicable to the determination of whether Plaintiffs are liable for contribution to Velsicol because liability under CERCLA is strict liability which is joint and several in its application. *United States v. Parsons*, 723 F.Supp. 757 (N.D.Ga.1989); *Kelley v. Thomas Solvent Co.*, 714 F.Supp. 1439, 1448–49 (W.D.Mich.

1989). Consequently, whether the parties acted jointly or whether Velsicol voluntarily assumed the liability of the response costs does not affect whether Plaintiffs are liable parties under CERCLA. These defenses only address the divisibility of the harm, not the culpability of the parties.

### 3. INDEMNIFICATION CLAIM DEFENSES

The remaining defense which Velsicol wishes to have striken is paragraph 36 which states that indemnification is defended on the grounds that the liability of Velsicol is not fixed and, therefore, Velsicol cannot institute a cause of action for indemnification. As stated in regard to this same defense to the contribution claim, this defense is legally insufficient and runs afoul of Federal Rule of Civil Procedure 14. *See Chamberlain v. McCleary*, 217 F.Supp. 591 (E.D.Tenn.1963). Consequently, paragraph 36 is striken.

### 4. FRAUD

■ Velsicol has moved to strike Plaintiffs' averment of fraud because it is not stated with specificity as required in Federal Rule of Civil Procedure 9(b). Plaintiffs claim that their allegation of fraud is perfectly clear from reading the complaint as a whole and, therefore, Velsicol knows exactly what fraud Plaintiffs are complaining about. Plaintiffs argument, however, misses the point.

Rule 9(b) is an exception to the general notice pleading allowed in the federal rules. FED.R.CIV.P. 8. *See* 5 CHARLES A. WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 1297 (1990). Under Rule 9(b), "the circumstances constituting fraud must be stated with particularity." FED.R.CIV.P. 9(b). "This rule alerts [parties] to the precise misconduct with which they are charged and protects [opposing parties] from spurious charges." *Leonard v. Stuart–James Co., Inc.*, 742 F.Supp. 653, 659 (N.D.Ga.1990) (citing *Durham v. Business Mgmt. Assoc.*, 847 F.2d 1505 (11th Cir.1988)). Although the Court has a good idea what fraud Plaintiffs are complaining about, their answer does not state with

particularity the specific situation involved, *i.e.*, who, what, when, where & how. Consequently, the Court grants Plaintiffs fifteen (15) days to amend their answer with regard to their assertion of fraud as a defense, or the defense will be striken.

Accordingly, this Court GRANTS Counter-claimant's Motion for Judgment on the Pleadings and GRANTS in part and DENIES in part Counter-claimant's Motion to Strike. Plaintiffs have fifteen days to amend their answer as stated above.

IT IS SO ORDERED.