Irwin THALER, Plaintiff,

v.

PRB METAL PRODUCTS, INC., Defendants.

No. CV 91–2563.

United States District Court, E.D. New York.

March 10, 1993.

See also 810 F.Supp. 49.

Thomas J. Troiano, Esq. Huntington, NY, Block, Amelkin & Hamburger by Frederic Block, Smithtown, NY, for plaintiff.

Reisman, Peirez, Reisman & Calica by David H. Peirez, Garden City, NY, for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Irwin Thaler ("Thaler"), plaintiff in the above-referenced action, seeks recovery of alleged response costs pursuant to the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 et seq. P.R.B. Metal Products, Inc. ("P.R.B.") and individual defendants Peter Breunig, Ronald Breunig, Richard Sheahan, Donna Breunig, and Carol Breunig (collectively referred to as "defendants") assert nine affirmative defenses, denying liability under 42 U.S.C. § 9607(a). Now before the Court is plaintiff's motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure based on the grounds that: (1) five of the affirmative defenses are not permitted under 42 U.S.C. § 9607(b); and (2) three of the defenses are duplicative of the First Affirmative Defense and cannot be asserted independently. For the reasons discussed below, plaintiff's motion is denied with regard to the Second, Third, and Eighth Affirmative Defenses, and granted with regard to the Fourth, Fifth, Sixth, Seventh, and Ninth Affirmative Defenses.

## I. BACKGROUND

Between 1976 and 1979, P.R.B. conducted its metal stamping operations on the site known as 1575 Ferndale Boulevard, Central Islip, New York (the "site"). In 1979, plaintiff purchased the site, where he operated Contract Cosmetics Manufacturing, Inc. ("CCM"), a cosmetic facility which manufactured cosmetics and insect repellent.

In December 1983, there was a severe fire at the CCM site. At that time, the New York State Department of Environmental Conservation ("DEC") tested samples from the site and discovered the presence of contaminants. DEC listed the site as an inactive hazardous waste site. As a result, plaintiff retained an environmental consulting firm, Environmental Compliance, Inc., which performed services to clean up the site.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of establishing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Thompson v. Gjivoje,* 896 F.2d 716, 720 (2d Cir.1990). All reasonable inferences and ambiguities are drawn in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Thompson,* 896 F.2d at 720 (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962) (per curiam).

**B.** *Plaintiff's Motion to Dismiss the Second, Third, and Eighth Affirmative Defenses*

■ In defendants' First Affirmative Defense, they assert that they did not contaminate the subject property, and if any contamination did occur, it must have been caused by plaintiff. Plaintiff contends that the Second, Third, and Eighth Affirmative Defenses are duplicative of the First Affirmative Defense and cannot stand independently on their own. Specifically, these defenses assert: (1) all defendants exercised due care with respect to P.R.B.'s operations so as to prevent any release or disposal of any hazardous substances; (2) plaintiff is strictly liable for the clean up costs as owner of the site, and if defendant is found at all liable, plaintiff is jointly and severally liable; and (3) plaintiff is guilty of negligence, which bars or reduces defendants' liability.

To raise a defense pursuant to 42 U.S.C. § 9607(b)(3), the defendant must demonstrate that the release of hazardous substances was caused by an act or omission of a third party, and that the defendants exercised due care with respect to the hazardous substances. Defendants' Second, Third, and Eighth Affirmative Defenses raise issues of defendants' duty of due care and liability,

which are not specifically mentioned in the First Affirmative Defense. Plaintiff acknowledges that determination of those issues must await trial. Although plaintiff would prefer that defendants raise all the relevant issues in one affirmative defense, the Court does not find this necessary and will not require defendants to amend their answer. Accordingly, plaintiff's motion for summary judgment with regard to the Second, Third, and Eighth Affirmative Defenses is denied.[1]

**C.** *Plaintiff's Motion to Dismiss the Fourth, Fifth, Sixth, Seventh, and Ninth Affirmative Defenses*

■ CERCLA authorizes private parties to incur the costs of responding to releases or threatened releases of hazardous substances into the environment and to recover such costs from those who are deemed to be responsible. In keeping with the broad liability scheme, the only substantive affirmative defenses to liability under CERCLA are those found in 42 U.S.C. § 9607(b). Specifically, § 9607(b) provides that liability will not be imposed if a person who is otherwise responsible under § 9607(a) can establish by a preponderance of the evidence that the release of the substance and the resulting damage were caused *solely* by: (1) an act of God; (2) an act of war; (3) an act or omission of a third party; or (4) any combination thereof. The exclusivity of § 9607(b) defenses is specifically addressed in subsection (a), which provides for liability "[n]otwithstanding any other provision or rule of law, subject *only* to the defenses set forth in subsection (b) of this section." (emphasis added). As a result of this unequivocal intent, a strong majority of courts have held that liability under CERCLA § 9607(a) is subject only to the limited affirmative defenses provided in § 9607(b). *B.F. Goodrich Co. v. Murtha,* 958 F.2d 1192, 1198 (2d Cir.1992). *See also New York v. Shore Realty Corp.,* 759 F.2d 1032, 1048 (2d Cir.1985); *Smith Land & Imp.*

---

1. To the extent that the Eighth Affirmative Defense alleges that plaintiff is solely liable, it will not be dismissed. However, to the extent that defendants are asserting that plaintiff is contribu-

torily liable, the defense is not permitted by 42 U.S.C. § 9607(b) and must be dismissed. *See* section C, *infra.*

*Corp. v. Celotex Corp.,* 851 F.2d 86, 90 (3d Cir.1988), *cert. denied,* 488 U.S. 1029, 109 S.Ct. 837, 102 L.Ed.2d 969 (1989); *Kelley v. Thomas Solvent Co.,* 714 F.Supp. 1439, 1445 (W.D.Mich.1989); *United States v. Stringfellow,* 661 F.Supp. 1053, 1062 (C.D.Cal.1987); *United States v. Dickerson,* 640 F.Supp. 448, 451 (D.Md.1986); *United States v. Ward,* 618 F.Supp. 884, 893 (E.D.N.C.1985); *United States v. Price,* 577 F.Supp. 1103, 1114 (D.N.J.1983); *Pinole Point Properties, Inc. v. Bethlehem Steel Corp.,* 596 F.Supp. 283, 288 (N.D.Cal.1984). In light of the Second Circuit decision interpreting the statutory defenses as exclusive, defendants cannot raise any affirmative defenses other than those listed in § 9607(b).

The Fourth, Fifth, Sixth, Seventh, and Ninth Affirmative Defenses asserted by defendants fail to conform to the requirements of § 9607(b). Specifically, these defenses assert: (1) plaintiff's actions alleged in the complaint were not required by or consistent with the requirements of CERCLA and with the National Contingency Plan; (2) plaintiff is barred by the equitable doctrines of laches, waiver, and estoppel from seeking any contribution against defendants; (3) plaintiff seeks to recover costs other than those "necessary" for clean up of the site as defined by 42 U.S.C. § 9601(23)–(25); (4) defendants are free from any negligence; and (5) plaintiff is barred from any recovery because he assumed any risk of which he complains when he purchased the property. Because these defenses do not fall within the very limited exceptions to liability provided in § 9607(b), there is no issue of genuine fact as to whether defendants are permitted to assert them. Accordingly, plaintiff's motion for summary judgment is granted with regard to the Fourth, Fifth, Sixth,[2] Seventh, and Ninth Affirmative Defenses.

■ Defendants assert that these affirmative defenses raise material factual issues

with respect to the allocation of liability under a "contribution plan." The Court agrees that if plaintiff can establish defendants' liability, the principles asserted in defendants' Fourth, Fifth, Sixth, Seventh, and Ninth Affirmative Defenses may *then* come into play, and the Court may well consider them when exercising its discretion in apportioning responsibility for response costs. *International Clinical Laboratories v. Stevens,* 710 F.Supp. 466, 471 (E.D.N.Y.1989) (equitable principles are not a defense to liability for contribution under CERCLA, but the district court in its exercise of discretion may consider them in the allocation of contribution). *See also Smith Land & Imp. Corp.,* 851 F.2d at 90 (caveat emptor may only be considered by the court in mitigation of the amount due); *Mathis v. Velsicol Chemical Corp.,* 786 F.Supp. 971, 976 (N.D.Ga.1991) (equitable matters are not defenses to the determination of liability, but may be considered by the court in apportioning joint and several liability); *United States v. Pretty Products, Inc.,* 780 F.Supp. 1488, 1500 (S.D.Ohio 1991) (same).

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied with respect to the Second, Third, and Eighth Affirmative Defenses and granted with respect to the Fourth, Fifth, Sixth, Seventh, and Ninth Affirmative Defenses.

SO ORDERED.

---

**2.** Plaintiff seeks dismissal of this defense on the ground that it is duplicative of the First Affirmative defense. Even though the Court finds that it is not repetitive, plaintiff's motion to dismiss this defense is nevertheless granted because it is not specifically permitted by 42 U.S.C. § 9607(b).