**STATE OF NEW YORK, Plaintiff,**

v.

**ALMY BROTHERS, INC.; Leonard Almy; Louis A. Stilloe; and Mary A. McMahon, in her individual capacity and as Executrix of the Estate of Robert J. McMahon, Defendants.**

**Mary A. McMAHON, in her individual capacity and as Executrix of the Estate of Robert J. McMahon, Third-party Plaintiff,**

v.

**D/L COOPERATIVE, INC. and Travelers Insurance Company, Third-party Defendants.**

No. 90–CV–818.

United States District Court, N.D. New York.

July 3, 1997.

Offices of M. Suzanne McMahon, (M. Suzanne McMahon, of counsel), Johnson City, NY, for Third-party Plaintiff.

Bond, Schoeneck & King, LLP (Thomas R. Smith, of counsel), Syracuse, NY, for Third-party Defendant D/L Co-op., Inc.

## MEMORANDUM–DECISION AND ORDER

McCURN, Senior District Judge.

## INTRODUCTION

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure ("Rule 12(f)"),

Third-party Plaintiff Mary A. McMahon ("McMahon") moves to strike six of Third-party Defendant D/L Cooperative, Inc.'s ("D/L") fourteen affirmative defenses as legally insufficient. Briefly, McMahon challenges the following affirmative defenses: failure to state a claim (first affirmative defense); laches (second affirmative defense); inconsistency with the National Contingency Plan ("NCP") (fifth affirmative defense); failure to mitigate damages (ninth affirmative defense); pendency of a bankruptcy proceeding which may render this action moot (thirteenth affirmative defense); and collateral estoppel (fourteenth affirmative defense).

## BACKGROUND

In the first-party action the State of New York ("the State") filed a complaint against the McMahons, among others,[1] seeking to recover response costs for the cleanup of hazardous substances under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). *See New York v. Almy Brothers, Inc.*, 866 F.Supp. 668 (N.D.N.Y.1994) (*"McMahon I"*). This court held that the McMahons were responsible parties under CERCLA and, therefore, liable for present and future response costs which the State incurred. *See id.* at 681. In a separate decision, this court held that the McMahons, together with defendants Leonard Almy and Almy Brothers, Inc., were jointly and severally liable under CERCLA, 42 U.S.C. § 9607(a), for the State's response costs in the amount of $1,071,227. *See New York v. Almy Brothers, Inc.*, No. 90–CV–818, 1996 WL 12031 (N.D.N.Y. Jan. 8, 1996) (*"McMahon II"*).

Mary A. McMahon, individually and as executrix of the Estate of Robert J. McMahon, then commenced this third-party action against D/L.[2] Pursuant to 42 U.S.C. § 9613(f), McMahon seeks contribution from D/L for its share of the $1,071,227 response

---

1. D/L was not a defendant in the first-party action.

2. McMahon also commenced a third-party action against Travelers Insurance Company ("Travel-

ers"). By order dated June 17, 1997, this court granted summary judgment to Travelers with respect to that action.

costs. In its answer, D/L set forth fourteen affirmative defenses, six of which McMahon now challenges as legally insufficient under Rule 12(f).

## DISCUSSION

### I. Rule 12(f) Standard

Rule 12(f) allows the court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.Civ.P. 12(f). Courts generally disfavor Rule 12(f) motions and do not routinely grant them. *See William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir.1984), *vacated on other grounds and remanded*, 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986). In evaluating such motions, courts construe the pleadings liberally to give the defendant a full opportunity to support its claims at trial, after full discovery has been made. *See id.*

There are several requirements for granting a motion to strike an affirmative defense under Rule 12(f). First, a court will not grant a Rule 12(f) motion "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Id.* Second, the affirmative defense sought to be stricken must not present disputed and substantial questions of law, resolution of which could support the defendant's contentions. *See id.* In this regard, courts are particularly reluctant to consider disputed and substantial questions of law when there has not been significant discovery and a hearing on the merits. *See id.* Finally, courts generally require that the plaintiff show that it would be prejudiced by inclusion of the affirmative defense. *See S.E.C. v. Lorin,* 869 F.Supp. 1117, 1120 (S.D.N.Y. 1994). With these general principles in mind, the court will consider each of the challenged affirmative defenses *seriatim.*

### II. Affirmative Defenses

#### A. Failure to State a Claim (First Affirmative Defense)

D/L's first affirmative defense provides that "[t]he third-party complaint, in whole or in part, fails to state a claim upon which relief may be granted." *See* D/L's

Answer at ¶ 10. Including an affirmative defense of failure-to-state-a-claim in an answer is a routine practice which is rarely, if ever, stricken by the court as legally insufficient. *See S.E.C. v. Toomey,* 866 F.Supp. 719, 723 (S.D.N.Y.1992). In fact, some courts have "found that the failure-to-state-a-claim defense is 'invulnerable as against the [12(f)] motion.'" *Id.*

In addition to these general principles, there is even a more fundamental reason not to strike this defense in the present case. According to D/L, there is at least one factual scenario in which D/L could prevail on this defense. D/L argues that, even assuming that McMahon's allegation that contamination of the site is a result of the application of pesticides during the period of D/L's occupation of the site is true, this fact alone would not establish D/L's liability under CERCLA because CERCLA contains an exemption for the application of a registered pesticide. *See* D/L's Memorandum of Law at 4 (citing 42 U.S.C. § 9607(i)) (other citation omitted). For all these reasons, the court concludes that D/L's first affirmative defense should not be stricken. Accordingly, the court denies McMahon's motion to strike this defense pursuant to Rule 12(f).

#### B. Laches (Second Affirmative Defense) & Failure to Mitigate Damages (Ninth Affirmative Defense)

D/L argues that consideration of the factors set forth in § 9607(b) is not necessary to the court's determination of whether its equitable affirmative defenses are sufficient because McMahon's third-party complaint is based solely upon § 9613(f). Although paragraph eight of the third-party complaint expressly provides that the "complaint is predicated on 42 U.S.C. Section 9613(f) ...," the WHEREFORE clause requests that the court "adjudge (1) that D/L is a responsible party under 42 U.S.C. Section 9607(a) and (2) that D/L must, pursuant to 42 U.S.C. Section 9613(f), contribute its equitable share...." *See* Verified Third–Party Complaint at ¶ 8 and WHEREFORE clause. Thus, reading the complaint as a whole, it is clear that McMahon relies upon both §§ 9607(a) and 9613(f) to support her claims against D/L.

This conclusion is consistent with the fact that resolution of any third-party CERCLA

contribution action involves two distinct phases. In the first phase, McMahon must prove that D/L is a responsible party within the meaning of § 9607(a) and thus liable for response costs. *See* 42 U.S.C. § 9607(a); *Town of Munster v. Sherwin–Williams Co.,* 27 F.3d 1268, 1270 (7th Cir.1994); *Thaler v. PRB Metal Prods., Inc.,* 815 F.Supp. 99, 102 (E.D.N.Y.1993), aff'd. without opinion, 28 F.3d 102 (2d Cir.1994). If McMahon is successful in the first phase, then she may seek contribution from D/L for its share of the response costs pursuant to § 9613(f). *See* 42 U.S.C. § 9613(f); *Munster,* 27 F.3d at 1270; *Thaler,* 815 F.Supp. at 102.

■ The statutory language of CERCLA allows for different affirmative defenses depending on whether they are raised during the liability phase or the contribution phase of the litigation. *See Munster,* 27 F.3d at 1270; *Thaler,* 815 F.Supp. at 102. Therefore, McMahon's motion to strike D/L's equitable affirmative defenses of laches and failure to mitigate damages must be analyzed in the context of each of these phases.

■ The only defenses to liability under CERCLA § 9607(a) are those enumerated in § 9607(b). *See B.F. Goodrich Co. v. Murtha,* 958 F.2d 1192, 1198 (2d Cir.1992); *see also Munster,* 27 F.3d at 1271. Section 9607(b) of Title 42 of the United States Code provides, in pertinent part, that

> There shall be no liability under subsection (a) of this section for a person otherwise liable who can establish by a preponderance of the evidence that the release or threat of release of a hazardous substance and the damages resulting therefrom were caused solely by: (1) an act of God; (2) an act of war; (3) an act or omission of a third party other than an employee or agent of the defendant . . .; or (4) any combination of the foregoing paragraphs.

42 U.S.C. § 9607(b).

The affirmative defenses of laches and failure to mitigate damages clearly are not among those listed in § 9607(b). Thus, to the extent that D/L would assert these defenses against McMahon's § 9607(a) claim, they must fail as a matter of law.[3] This conclusion, however, does not result in these defenses being stricken.

■ While liability under CERCLA § 9607 is strictly applied, a contribution action under CERCLA § 9613(f) is broadly interpreted, giving the court discretion to apply such equitable factors as it deems appropriate. *See* 42 U.S.C. § 9613(f); *United States v. Colorado & Eastern R.R. Co.,* 50 F.3d 1530, 1536 (10th Cir.1995); *Munster,* 27 F.3d at 1273; *United States v. R.W. Meyer, Inc.,* 932 F.2d 568, 573 (6th Cir.1991); *Thaler,* 815 F.Supp. at 102. The equitable defenses of laches and failure to mitigate damages are among the many equitable factors the court may consider in apportioning response costs among liable parties. *See Munster,* 27 F.3d at 1270; *Thaler,* 815 F.Supp. at 102. Thus, it would be inappropriate to strike these defenses as legally insufficient under Rule 12(f). *See Salcer,* 744 F.2d at 939.

In summary, the court concludes that D/L may not assert the equitable affirmative defenses of laches and failure to mitigate damages in response to McMahon's § 9607(a) liability claim. However, to the extent D/L's affirmative defenses are directed towards McMahon's § 9613(f) contribution claim, the court concludes that they are legally sufficient. Accordingly, the court denies McMahon's motion to strike D/L's second and ninth affirmative defenses.

### C. Bankruptcy Proceeding May Render Action Moot (Thirteenth Affirmative Defense )

Since D/L asserted this defense of potential mootness, the bankruptcy court has ruled

---

3. To support its claim that equitable defenses to liability under CERCLA § 9607(a) should not be stricken under Rule 12(f), D/L cites to *United States v. Martell,* 844 F.Supp. 454 (N.D.Ind. 1994). In that case, one of the primary factors in the court's decision to deny the Rule 12(f) motion was that the Seventh Circuit had not addressed whether equitable defenses, other than the defenses enumerated in CERCLA § 9607(b), are available in a CERCLA § 9607 liability action. *See id.* at 457–58. *Martell* is not applicable to the present case because the Second Circuit has concluded that the only available defenses in a CERCLA liability action are those enumerated in CERCLA § 9607(b). *See B.F. Goodrich,* 958 F.2d at 1198.

that McMahon's liability for the response costs under CERCLA is a non-dischargeable debt. *See In re Robert J. and Mary A. McMahon,* No. 93–12822. Therefore, this affirmative defense is now legally insufficient. Accordingly, the court grants McMahon's motion to strike D/L's thirteenth affirmative defense.

*D. Collateral Estoppel (Fourteenth Affirmative Defense) & Inconsistency with the National Contingency Plan ("NCP") (Fifth Affirmative Defense)*

■ McMahon's motion to strike D/L's collateral estoppel defense must be resolved before the court can decide whether or not D/L's defense that some or all of the response costs for which McMahon seeks recovery were not incurred consistent with the NCP is legally insufficient. This is so because if McMahon's motion to strike D/L's fourteenth affirmative defense is granted, D/L will be collaterally estopped from relitigating any issues already decided in the first-party action, including the issue it seeks to raise in its fifth affirmative defense.

The doctrine of collateral estoppel, or issue preclusion, bars a party from relitigating in a second proceeding an issue of fact or law if:

> (1) the identical issue was raised in a previous proceeding; (2) the issue was 'actually litigated and decided' in the previous proceeding; (3) the party had a 'full and fair opportunity' to litigate the issue; and (4) the resolution of the issue was 'necessary to support a valid and final judgment on the merits.'

*Interoceanica Corp. v. Sound Pilots, Inc.,* 107 F.3d 86, 91 (2d Cir.1997); *see also Metromedia Co. v. Fugazy,* 983 F.2d 350, 365 (2d Cir.1992); *Bseirani v. Mahshie,* 881 F.Supp. 778, 788 (N.D.N.Y.1995), aff'd. without opinion, 107 F.3d 2 (2d Cir.1997).

It is the third prong of the collateral estoppel test that D/L argues is absent in the present case. D/L was not made a party to the third-party action until after most of the issues in the first-party action had been decided. Thus, it is beyond dispute that D/L did not have a "full and fair opportunity" to litigate issues decided prior to its involvement in the present third-party action. Therefore, D/L is not collaterally estopped from asserting defenses which may raise issues identical to those raised and decided in the first-party action. Accordingly, the court denies McMahon's motion to strike D/L's fourteenth affirmative defense.

In its fifth affirmative defense, D/L asserts that some or all of the response costs for which McMahon is seeking contribution are inconsistent with the NCP. In *McMahon II,* this court held that McMahon was unable to prove that the response costs for which she was found liable were inconsistent with the NCP. *See McMahon II,* 1996 WL 12031, at *4. As stated above, despite this ruling, D/L is not collaterally estopped from raising this defense in this third-party action. This conclusion is consistent with Rule 14(a) of the Federal Rules of Civil Procedure which allows a third-party defendant to assert any defense which was available to the third-party plaintiff against the original plaintiff. *See* Fed.R.Civ.P. 14(a). Therefore, it cannot be said that D/L's fifth affirmative defense is legally insufficient. Accordingly, the court denies McMahon's motion to strike this defense pursuant to Rule 12(f).[4]

## CONCLUSION

For the reasons stated above, the court grants McMahon's motion to strike D/L's thirteenth affirmative defense. The court denies the motion in all other respects. In doing so, however, the court holds that D/L may assert its remaining affirmative defenses only against McMahon's § 9613(f) contribution claim.

IT IS SO ORDERED.

---

4. As with D/L's laches and failure-to-mitigate defenses, McMahon's motion to strike as legally insufficient D/L's inconsistency–with–the–NCP defense is denied to the extent that D/L asserts it with respect to McMahon's § 9613(f) contribution claim. As previously mentioned in the discussion of D/L's equitable defenses, however, D/L may not assert this defense with respect to McMahon's § 9607 liability claim.