UNITED STATES of America, Plaintiff,

v.

BOARD OF EDUCATION OF the CITY OF CHICAGO, Defendant.

No. 80 C 5124.

United States District Court, N.D. Illinois, E.D.

April 14, 1986.

See also D.C., 636 F.Supp. 1046.

Neil H. Koslowe, Special Litigation Counsel, Civil Div., Dept. of Justice, Washington, D.C., for plaintiff.

Robert C. Howard, Robert M. Weissbourd and James Bradtke, Hartunian, Futterman and Howard, Chtd., Hugh R. McCombs, Jr., David Narefsky and Denise L. Jarrard, Isham, Lincoln and Beale, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

ASPEN, District Judge:

For the reasons stated below, the Board's motion for a protective order is granted.

We agree with the Board that its motive or intent in submitting its application for bilingual transition funds is not relevant to

whether its application (a) is entitled to ¶ 15.1 priority or (b) contains reasonable costs. As we have held elsewhere, "inquiry (a)" depends on whether a board project meets statutory criteria and materially aids the desegregation plan. Both this inquiry and the "cost" issue are *objective* and should be decided without regard to subjective intent.

We cannot accept the Secretary's argument that he has not raised or is not trying to raise the bad faith issue. For example, the letter of Jeff Rosen (Exhibit A to the Board's protective order) says that the government intends to depose Board personnel about, among other things, "all events surrounding the development of [the bilingual] application, including *the conceptualization of the Board's decision* to serve Category 'C' students in the June 17 application, the actual preparation of the applications...." Such an inquiry would seem to serve no other purpose than to plumb a bad faith issue. And if the Secretary is not raising such an issue, why does he devote the second half of his brief to an argument that bad faith is relevant?

While we agree with the Board that its alleged bad faith is not relevant to the issue of the mechanics of applying the ¶ 15.1 priority, the Secretary might be correct in theory that such an issue might be relevant to the Board's right to obtain relief in this Court. For the Board's petition for relief is clearly equitable, and a court of equity can deny relief to a litigant who comes to court with unclean hands. *See,*

*e.g., Shondel v. McDermott,* 775 F.2d 859, 868 (7th Cir.1985). If there were some hard evidence of bad faith, the unclean hands doctrine might possibly bear on the Board's right to relief.[1] But the problem is that the government has presented no such "hard evidence." It has made sweeping allegations based on sparse facts, which appear taken out of context. It appears to the Court that the government is trying to launch a fishing expedition into the Board's alleged bad faith in order to create some defense. We will not allow this without some more tangible evidence of actual bad faith.

In short, the Board is entitled to an order protecting it from inquiries into its motive or intent in preparing any of its applications for bilingual funds. We admonish the Board, however, not to read this order too broadly and use it as a shield to deflect proper and reasonable discovery inquiries. The government is entitled to discovery on the objective cost issue. Thus, we think the Board's request for an order barring discovery "which pertains *in any way* to the Board's development, preparation and submission of the June 17 Application," Motion for Protective Order at 3, is overbroad. It might be, for example, that certain objective data as to cost, which the Board used in "developing" and "preparing" its application, is relevant to the cost issue and does not relate to motive. Our order is limited to inquiries as to the Board's motive or intent or ones which are calculated to lead to motive or intent.[2]

1. We express no firm opinion on this question. On the one hand, the government is correct that in normal circumstances the unclean hands doctrine can bar a litigant's right to equitable relief, which in this case would let the government off the hook. Yet that doctrine is typically invoked when a private litigant seeks equitable relief. Here we have a public litigant seeking relief on behalf of hundreds of thousands of schoolchildren. Since the public interest in this case (both with respect to Chicago and beyond) is enormous, it might be that rigid doctrinal application of the unclean hands doctrine would be inappropriate, even if some Board personnel were unscrupulous. In such a situation, the proper remedy might be to impose sanctions directly on the wrongdoers, while still allowing relief for the schoolchildren of Chicago. How-

ever, since we have no hard evidence of bad faith in this case, we need not decide what the best remedy would be, or whether such an issue would be decided in this or a collateral proceeding.

2. The government should not read this qualification as an invitation to make extensive cost inquiries as a pretext for searching for gold in the form of evidence of bad faith. Secretary does cost analyses all the time, and presumably already knows how to decide when costs are reasonable; thus, it would not seem that its cost discovery need be extensive, since it assesses costs all the time without such discovery. But we will not draw a clear line in this opinion, except at the motive/intent boundary. We will let the parties try to work out the issues raised

With this caveat expressed, we grant the Board's motion for a protective order.[3] It is so ordered.

in this footnote and the last paragraph of the text themselves. If the Secretary makes requests which appear pretextual, or if the Board reads this order too broadly, the aggrieved party can file the appropriate motion. But we expect the parties to make "every good faith effort" to resolve these issues without the help of the Court.

**3.** We do not reach the Board's motion for a protective order with respect to the government's allegedly burdensome discovery requests in light of the government's indication that the parties are trying to resolve this dispute themselves. *See* Opposition to Board's Motion for a Protective Order at 3 n. 1.