UNITED STATES of America, Plaintiff,

v.

**WALERKO TOOL AND ENGINEERING CORPORATION, Defendant.**

No. S91–411M.

United States District Court,
N.D. Indiana,
South Bend Division.

Jan. 22, 1992.

Clifford D. Johnson, Asst. U.S. Atty., South Bend, Ind., John C. Cruden, U.S. Dept. of Justice, Environmental Enforcement Section, Thomas P. Carroll, U.S. Dept. of Justice, Environmental and Natural Resources Section, Washington, D.C., for plaintiff.

Michael A. Metz, Elkhart, Ind., for defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

Plaintiff United States of America has moved the court pursuant to Fed.R.Civ.P. 12(f) to strike certain affirmative defenses asserted by defendant Walerko Tool and Engineering Corporation ("Walerko"). The

United States has filed a three-count complaint against Walerko under sections 107 and 104(e) of the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607 and 9604(e), and section 3008 of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6928. The United States seeks declaratory relief, statutory penalties, and recovery of costs it incurred in conducting a removal action at a forty-six square block residential and industrial area known as the Lusher Street site in Elkhart, Indiana. Walerko operates a manufacturing facility situated at 1935 W. Lusher Street in Elkhart.

In its answer, Walerko asserted the affirmative defenses of estoppel, release and/or waiver, and laches. The government contends that the court should strike these affirmative defenses because they are insufficient defenses as a matter of law to the claims asserted by the United States, and they should be stricken to narrow the issues in the litigation and to avoid unnecessary time and effort on discovery regarding these allegedly deficient defenses. For the following reasons, the court denies the government's motion to strike.

### I.

■ Before turning to the merits of the motion, the court must first respond to a procedural matter raised by the defendant. Walerko argues that the government's motion was untimely and should be denied without consideration.

Federal Rule of Civil Procedure 12(f) provides that a motion to strike must be "made by a party within 20 days after the service of the pleading". Walerko served its answer on October 16, 1991; therefore, allowing three days from the date of service, the government had twenty-three days, or in other words until November 8, 1991, to file its motion. The United States did not file its motion until November 12. The United States argues that it "made" its motion within the time limit of Federal Rule of Civil Procedure 12(f) by serving its motion to strike on Walerko on November 7, 1991, and contends that because service

was made within the time limit, it is irrelevant whether the motion was filed with the court within the time limit.

■ The court need not determine whether the government "made" its motion to strike by serving it on Walerko within the Rule 12(f) time limit in order to address the merits of the motion. Rule 12(f) allows the court on its own motion to strike matters in a pleading. Therefore, the court may decide the merits of the motion to strike even if the motion is untimely. *United States v. B.R. Mac Kay & Sons, Inc.*, No. 85 C 6925, 1986 WL 13717 (N.D.Ill. Nov. 28, 1986); *Lunsford v. United States*, 418 F.Supp. 1045 (D.S.D.1976), *aff'd*, 570 F.2d 221 (8th Cir.1977). Walerko has not alleged, and the court certainly cannot find, any prejudice resulting to Walerko from what was at most a delay of four days in filing the motion. Accordingly, the court will address the merits of the motion to strike. *Cf. First National Bank v. Burton M. Saks Construction Corp.*, 70 F.R.D. 417, 419 (D.V.I.1965) (motion to strike was six months late and would have prejudiced defendant).

### II.

■ Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense". Fed.R.Civ.P. 12(f). A motion to strike is not a favored motion, as it proposes a drastic remedy. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 629–32 (7th Cir.1975). A motion to strike should not be granted when the sufficiency of the defense depends upon disputed issues of fact or unclear questions of law. *United States v. Marisol, Inc.*, 725 F.Supp. 833, 836 (M.D.Pa.1989). Nonetheless, a motion to strike insufficient defenses serves a useful purpose by eliminating insufficient defenses and saving the time and expense that otherwise would be spent litigating issues that will not affect the outcome of the case. *United States v. Marisol*, 725 F.Supp. at 836. "[T]he court should strike defenses which cannot succeed under any set of circumstances; however, where there is any question of fact or any sub-

stantial question of law, the court should refrain from acting until some later time when these issues can be more appropriately dealt with." *United States v. Fairchild Industries, Inc.*, 766 F.Supp. 405, 408 (D.Md.1991).

■ The government first argues that Walerko's asserted equitable defenses are insufficient as a matter of law and should be stricken because these defenses are not among the specific enumerated defenses to a recovery action brought by the government under § 107 of CERCLA. Section 107(a) imposes liability on present site owners and operators, owners and operators at the time of disposal, and generators and transporters of hazardous substances for response costs incurred by the United States in abating or remediating the release or threatened release of a hazardous substance. 42 U.S.C. § 9607(a). Section 107(a) unequivocally imposes liability "[n]ot withstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section." 42 U.S.C. § 9607(a). Section 107(b) lists the limited affirmative defenses available to defeat an action brought under § 107(a). Section 107(b) provides:

> (b) There shall be no liability under subsection (a) of this section for a person otherwise liable who can establish by a preponderance of the evidence that the release of threat of release of a hazardous substance and the damages resulting therefrom were caused solely by
>> (1) an act of God;
>> (2) an act of war;
>> (3) an act or omission of a third party other than an employee or agent of the defendant ...
>> (4) any combination of the foregoing paragraphs.

42 U.S.C. § 9607(b). The United States contends that § 107, as well as CERCLA's broad remedial purpose, forecloses any con-_"deration of the equitable defenses that Walerko asserts.

Courts have split as to whether § 107 of CERCLA forecloses common law equitable defenses such as those asserted by Walerko. Several courts have held that because equitable defenses such as waiver, release, laches, and estoppel are not contained in § 107(b), they are not available to defeat CERCLA cost recovery claims by the United States. *See, e.g., United States v. Western Processing Co., Inc.*, 734 F.Supp. 930 (W.D.Wash.1990); *Kelley v. Thomas Solvent Co.*, 714 F.Supp. 1439, 1451 (W.D.Mich.1989); *United States v. Stringfellow*, 661 F.Supp. 1053, 1062 (C.D.Cal. 1987). Other courts have held that the defenses listed in § 107(b) do not expressly abrogate a district court's equity jurisdiction and do not foreclose the availability of equitable defenses. · *See, e.g., United States v. Mottolo*, 695 F.Supp. 615, 626–627 (D.N.H.1988); *United States v. Hardage*, 116 F.R.D. 460 (W.D.Okla.1987); *Mardan Corp. v. C.G.C. Music, Ltd.*, 600 F.Supp. 1049, 1056 n. 9 (D.Ariz.1984). Finally, some courts have recognized that the language of § 107 of CERCLA may foreclose any equitable defenses, but nevertheless have refused to dispose of equitable defenses on a motion to strike. *See United States v. Fairchild Industries*, 766 F.Supp. at 414.

Resolution of the government's motion to strike does not require the court to decide whether Walerko may assert equitable defenses against a cost recovery claim brought by the government under § 107(a). The United States also seeks relief pursuant to § 104(e) of CERCLA and § 3008 of RCRA. The United States does not contend that the language of these other statutory provisions forecloses Walerko's common law equitable defenses. Even if the asserted defenses cannot defeat the § 107 claim, they still may be available as to the other claims in the government's complaint. Therefore, the court cannot strike Walerko's affirmative defenses solely on the grounds that they are not contained in § 107(b).

The United States next argues that the court should strike Walerko's affirmative defenses because common law equitable defenses cannot be asserted against the United States when the federal government acts in its sovereign capacity to protect the public welfare. Analysis of applicable

precedent shows that while Walerko's asserted defenses seldom are applicable against the government, the defenses are not foreclosed as a matter of law.

 Walerko has raised affirmative defenses of waiver and release. The United States cites no case that holds the defenses of waiver or release are unavailable as a matter of law against suits brought by the government. The United States merely alleges it has neither surrendered its public right to recover response costs incurred at the Lusher Street site nor released Walerko from liability. That may well be the case, but whether the government has waived its claims or released Walerko from liability involves questions of fact. A motion to strike will not be granted "if the insufficiency of the defense is not clearly apparent on the face of the pleadings, nor can reasonably be inferred from any state of facts in the pleadings." *416.81 Acres of Land*, 514 F.2d at 631 (citing *United States v. 187.40 Acres of Land, Huntingdon County, Pa.*, 381 F.Supp. 54, 56 (M.D.Pa. 1974)). Because the insufficiency of the defenses of waiver or release is not clearly apparent on the face of the pleadings, the court will refrain from striking these defenses.

 Walerko also has raised the affirmative defense of estoppel. A defendant may invoke estoppel against the federal government only in the most extraordinary circumstances, if ever. *See Immigration & Naturalization Serv. v. Miranda*, 459 U.S. 14, 103 S.Ct. 281, 74 L.Ed.2d 12 (1982) (per curiam). To assert estoppel successfully against the government, a party must establish both reasonable reliance on the government's conduct to its detriment and "affirmative misconduct" by the government. *Portmann v. United States*, 674 F.2d 1155, 1165–1167 (7th Cir.1982). The defendant also must carry the heavy burden of establishing that the harm it suffered "outweighs the pressing public interest in the enforcement of congressionally mandated public policy." *Portmann v. United States*, 674 F.2d at 1167. The Supreme Court has refused, however, to hold conclusively that estoppel is never a de-

fense against the United States. *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 60, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984); *see also Portmann v. United States*, 674 F.2d at 1165 (court found nothing in Supreme Court's estoppel decisions which clearly foreclosed the availability of estoppel in a suit against the government).

Because neither the Supreme Court nor the Seventh Circuit has foreclosed the possibility of a successful estoppel defense in a suit brought by the United States, the court declines to do so based on the limited record before it in this case. Despite the substantial burden Walerko faces if it plans to rely on an estoppel defense, the court cannot strike the defense as insufficient as a matter of law. Although nothing before the court suggests that Walerko will successfully meet its substantial burden, neither does anything now before the court conclusively foreclose Walerko from establishing an estoppel defense. Because the court cannot state with certainty at this stage in the proceedings that the defense of estoppel is clearly insufficient as a matter of law, it will not strike the defense. *See United States v. Fairchild Industries*, 766 F.Supp. at 414 (court retained certain equitable defenses to CERCLA action subject to further development of the record).

 Finally, Walerko has asserted the defense of laches. Although the Supreme Court used to say that laches was not a defense to a suit brought by the United States, *see, e.g., Utah Power & Light Co. v. United States*, 243 U.S. 389, 409, 37 S.Ct. 387, 391, 61 L.Ed. 791 (1917), the Seventh Circuit, following dictum of more recent Supreme Court cases, *see Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 373, 97 S.Ct. 2447, 2458, 53 L.Ed.2d 402 (1977), has questioned the validity of earlier precedent and has assumed that the doctrine of laches is applicable to suits brought by the government. *N.L.R.B. v. P*I*E Nationwide, Inc.*, 894 F.2d 887, 894 (7th Cir.1990); *see also United States v. Lindberg*, 882 F.2d 1158, 1163 (7th Cir.1989); *EEOC v. Vucitech*, 842 F.2d 936, 942 (7th Cir.1988). Given the assumption in this Circuit that

laches can be asserted against the government, Walerko's defense of laches is not clearly inadequate as a matter of law and should not be stricken at this stage in the proceedings.

### III.

Based upon the foregoing analysis, the court hereby DENIES the plaintiff's motion to strike.

SO ORDERED.