NATIONAL ACCEPTANCE COMPANY OF AMERICA, Plaintiff,

v.

REGAL PRODUCTS, INC., Insurance Company of North America, Hartford Accident & Indemnity Company and National Surety Corporation, Defendants.

No. 93–C–183.

United States District Court, E.D. Wisconsin.

April 26, 1994.

Reinhart, Boerner, Van Deuren, Norris & Rieselbach by John M. Van Lieshout and Steven P. Bogart, Milwaukee, WI, for plaintiff.

Quale, Feldbruegge, Calvelli, Thom & Croke by William Ehrke, Milwaukee, WI, for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Presently before the court is the motion of the plaintiff, National Acceptance Company of America ["NAC"], to strike the affirmative

defenses of defendant, Regal Products, Inc. ["Regal"]. In addition, the court has before it Regal's motion to amend its answer.

### I. MOTION TO STRIKE REGAL'S AFFIRMATIVE DEFENSES

#### A. Background

On February 24, 1993, NAC filed a cost-recovery action against Regal under the Comprehensive Environmental Response Compensation and Liability Act ["CERC-LA"], 42 U.S.C. §§ 9607 and 9613. NAC also seeks declaratory relief against the insurer defendants, Insurance Company of North America, Hartford Accident & Indemnity Company and National Surety Corporation, for failure to defend and indemnify NAC for clean-up costs. NAC filed its first amended complaint on March 9, 1993. Pursuant to various stipulations, NAC subsequently dismissed its claims against National Surety Corporation and Hartford Accident & Indemnity Company, without prejudice.

In response to NAC's amended complaint, Regal filed an answer asserting the following ten affirmative defenses:

(A) the plaintiff's amended complaint fails to state a claim upon which relief can be granted ...; (B) ... [NAC's claims were] previously discharged in bankruptcy; (C) ... any response costs or damages incurred by NAC were the result of superseding and intervening conduct of persons other than defendant, Regal; (D) ... all NAC claims and causes of action against Regal are barred by the Federal Laws of Bankruptcy; (E) ... NAC has waived all claims of any nature against Regal by NAC's failure to timely file a claim against Regal in bankruptcy; (F) ... NAC has failed to mitigate its damages; (G) ... NAC's claims and causes of action against Regal are barred by the doctrine of laches; (H) ... Regal does not have the capacity to be sued; (I) ... this court lacks personal jurisdiction over the defendant, Regal; (J) ... there has been insufficiency of service of summons and/or process upon the defendant, Regal.

#### B. Law and Analysis

■ Motions to strike affirmative defenses are governed by Rule 12(f), Federal Rules of Civil Procedure, which provides:

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Although motions to strike are generally not favored because of their potential dilatory nature, they are useful and appropriate for weighing the legal implications to be drawn from uncontroverted facts. *United States v. 416.81 Acres of Land,* 514 F.2d 627, 631 (7th Cir.1975). Thus, such a motion should be granted if substantial questions of law or fact do not exist and if the insufficiency of the defense is clearly apparent on the face of the pleading. Further, "affirmative defenses are pleadings, and therefore, are subject to all pleading requirements of the Federal Rules of·Civil Procedure." *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir.1989). Defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy. *416.81 Acres of Land,* 514 F.2d at 631.

■ As a preliminary matter, Regal has asked the court to deny NAC's motion on the ground that it was untimely. Under the a literal reading of the rule, NAC was required to make a motion to strike Regal's affirmative defenses within twenty days after it was served with Regal's answer. It is undisputed that NAC did not file the instant motion to strike until approximately six months after the filing and service of Regal's answer.

Nevertheless, the court of appeals for the seventh circuit has interpreted Rule 12(f), Federal Rules of Civil Procedure, as permitting district courts to consider a motion to strike at any point in a case. *Williams v. Jader Fuel Co., Inc.,* 944 F.2d 1388, 1399 (7th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 2306, 119 L.Ed.2d 228 (1992). I will

decline Regal's invitation to deny NAC's motion as untimely.

NAC argues that each of Regal's affirmative defenses should be stricken on the ground that they are insufficient as a matter of law as to CERCLA liability. NAC maintains that the affirmative defenses are improper because none of them are among those defenses to liability provided for under CERCLA.

According to 42 U.S.C. § 9607(a), liability under CERCLA is imposed "[n]otwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section." 42 U.S.C. § 9607(b) provides that:

> There shall be no liability under subsection (a) of this section for a person otherwise liable who can establish by a preponderance of the evidence that the release of a hazardous substance and the damages resulting therefrom were caused solely by—
>
> (1) an act of God;
>
> (2) an act of war;
>
> (3) an act or omission of a third party other than an employee or agent of the defendant ...; or
>
> (4) any combination of the foregoing paragraphs.

NAC argues that the language of the statute exclusively limits the defenses which a defendant can raise to those listed in 42 U.S.C. § 9607(b).

### 1. Failure to State A Claim

In response to NAC's motion to strike, Regal has agreed to "remove and waive" its affirmative defense in paragraph "A" which asserts that NAC's complaint fails to state a claim upon which relief can be granted. Thus, the portion of NAC's motion asking the court to strike this affirmative defense will be dismissed as moot.

### 2. Third Party Defense

[6] NAC argues that the defense identified by Regal as affirmative defense "C" should be dismissed as an insufficient attempt to plead a third party defense under § 9607(b)(3). NAC correctly notes that in order successfully to plead a third party de-

fense under § 9607(b)(3), Regal must allege that the release or threat of release of hazardous substances at Regal's facility located at 11331 West Rogers Street in West Allis, Wisconsin was caused *solely* by:

> an act or omission of a third party other than an employee or agent of the defendant, or than one whose act or omission occurs in connection with a contractual relationship, existing directly or indirectly, with the defendant ... if the defendant establishes by a preponderance of the evidence that (a) he exercised due care with respect to the hazardous substance concerned, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances, and (b) he took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions.

42 U.S.C. § 9607(b)(3).

In an apparent attempt to plead a third party defense under CERCLA, Regal alleges that:

> upon information and belief, any response costs or other damages incurred by NAC are the result of the superseding and intervening conduct of persons other than the defendant, Regal.

Regal's Answer to Amended Complaint ¶ C at 4. Such generalized allegations fall far short of the statutory requirements of a third party defense under § 9607(b)(3). Furthermore, these allegations cannot be read as asserting an act of God or an act of war defense. Thus, because the insufficiency of this defense is clearly apparent on the face of the pleading, I will strike Regal's affirmative defense "C."

### 3. Equitable Defenses—Laches

■ NAC contends that Regal's affirmative defense of laches in paragraph "G" should be stricken because § 9607(b) does not permit equitable defenses to be raised in a CERCLA action. Regal maintains that equitable defenses can be raised by a defendant in a CERCLA enforcement action because such an action is one grounded in

equity as it seeks the equitable remedy of restitution.

Neither the United States Supreme Court nor the court of appeals for the seventh circuit has addressed the issue as to whether equitable defenses are available in CERCLA enforcement actions under 42 U.S.C. § 9607(a). The plaintiff claims that the court of appeals for the seventh circuit implicitly addressed this issue in *Environmental Transportation Systems, Inc. v. ENSCO, Inc.*, 969 F.2d 503, 507 (7th Cir.1992), and held that the defenses listed under § 9607(b) are the only affirmative defenses available to a defendant in a CERCLA action. As a basis for its argument, NAC points to the court's statement that a defendant unable "to establish one of the defenses listed in § 9607(b) is entitled to summary judgment on the issue." *Id.* However, I decline NAC's invitation to interpret *Ensco* as resolving the precise issue of whether equitable defenses are available in CERCLA actions.

Furthermore, a review of the case law reveals that other federal courts are divided on this issue. A number of courts have taken the position espoused by Regal that equitable defenses are permitted in CERCLA actions. *E.g. Town of Munster v. Sherwin–Williams Co., Inc.*, 825 F.Supp. 197, 200 (N.D.Ind.1993); *United States v. Mottolo*, 695 F.Supp. 615, 626 (D.N.H.1988); *United States v. Conservation Chemical Co.*, 619 F.Supp. 162, 204 (W.D.Mo.1985). Another line of authority holds that § 9607(a) provides for strict liability subject only to the defenses enumerated in § 9607(b), and to no other affirmative defenses. *E.g. United States v. Wedzeb Enterprises, Inc.*, 809 F.Supp. 646, 658 (S.D.Ind.1992); *United States v. Atlas Minerals & Chemicals, Inc.*, 797 F.Supp. 411, 417 (E.D.Pa.1992); *United States v. Kramer*, 757 F.Supp. 397, 425–27 (D.N.J.1991). Other courts have declined to resolve the issue on a motion to strike and have refused to eliminate equitable defenses on the ground that it would be premature to do so at that stage of the litigation. *E.g. United States v. Martell*, 844 F.Supp. 454, 458 (N.D.Ind.1994); *United States v. Fairchild Industries, Inc.*, 766 F.Supp. 405, 414 (D.Md.1991); *United States v. Marisol, Inc.*, 725 F.Supp. 833, 845 (M.D.Pa.1989).

Because a question of law exists as to the availability of equitable defenses in CERCLA cases and because motions to strike are generally disfavored, I believe that it is appropriate to follow the reasoning of the latter line of cases. Accordingly, the better exercise of my discretion is to deny NAC's motion to strike Regal's affirmative defense "G" asserting laches be denied.

### 4. Failure to Mitigate Damages

■ NAC argues that Regal's mitigation of damages affirmative defense in paragraph "F" should be stricken as it is not listed under § 9607(b) as one of the three exclusive defenses available in a CERCLA action. Notwithstanding the lingering issue ·as to the availability of *equitable* defenses in a CERCLA action, I am convinced that the plain language of § 9607(a) limits the permissible *legal* defenses in a CERCLA action to those delineated under § 9607(b). Regal does not dispute that the defense of failure to mitigate damages is not available under § 9607(b). Further, Regal points to no authority, statutory or otherwise, imposing on a plaintiff a duty to mitigate its response costs. *Cf. Kelly v. Thomas Solvent Co.*, 714 F.Supp. 1439, 1451 (W.D.Mich.1989) (plaintiff, United States, has no duty to mitigate response costs under CERCLA). Consequently, I find Regal's mitigation of damages defense in paragraph "F" to be insufficient as a matter of law, and I will order that it be stricken.

### 5. Procedural and Jurisdictional Affirmative Defenses

■ NAC urges that affirmative defenses "H"—lack of capacity to be sued, "I"—lack of personal jurisdiction, and "J"—insufficiency of service of process, should be stricken because they are not included as possible CERCLA defenses under § 9607(b). Notwithstanding the absence of these defenses under § 9607(b), NAC points to no authority, nor has the court's own research uncovered any, that confirms NAC's assertion that a defendant in a CERCLA enforcement action cannot challenge the propriety of the action itself on procedural or jurisdictional grounds.

Indeed, the fact that a number of courts have addressed the merits of jurisdictional

and procedural defenses like those advanced by Regal suggests that such defenses may be asserted by the defendants even though they are not listed under § 9607(b). *E.g. O'Neil v. Picillo,* 682 F.Supp. 706 (D.R.I.1988) (defendant's challenge to the court's personal jurisdiction rejected on merits), *aff'd,* 883 F.2d 176 (1st Cir.1989), *cert. denied sub nom. American Cyanamid v. O'Neil,* 493 U.S. 1071, 110 S.Ct. 1115, 107 L.Ed.2d 1022 (1990); *United States v. SCA Services of Indiana, Inc.* 837 F.Supp. 946 (N.D.Ind.1993) (merits of third-party defendant's affirmative defense asserting that it lacked the capacity to be sued considered by court on motion to dismiss); *Mesiti v. Microdot, Inc.,* 739 F.Supp. 57 (D.N.H.1990) (merits of defendant's defense claiming that service of process was insufficient was considered by court on motion to dismiss).

■ NAC also argues that Regal's procedural and jurisdictional affirmative defenses should be stricken because they are "conclusory and fail to state any facts upon which they are based." (Brief in Support of Motion of [NAC] to Strike at 7.) Affirmative defenses are pleadings and must comport to the rules of pleadings. *Heller Financial, Inc.,* 883 F.2d at 1294. Thus, in pleading its affirmative defenses, Regal is obligated to set forth " 'a short and plain statement' of the nature of the offense." *Bobbit v. Victorian House, Inc.,* 532 F.Supp. 734, 737 (N.D.Ill. 1982) (citing Rule 8(a), Federal Rules of Civil Procedure). Asserting mere conclusions of law without supporting facts does not satisfy this obligation. *See 416.81 Acres of Land,* 514 F.2d at 631.

■ A review of Regal's procedural and jurisdictional affirmative defenses labeled "H," "I" and "J" discloses that they amount to nothing more than conclusory allegations. Regal omitted any short and plain statement of the facts upon which the affirmative defenses could be maintained. Accordingly, Regal's procedural and jurisdictional affirmative defenses "H," "I," and "J" will be stricken.

### 6. Bankruptcy Affirmative Defenses

■ Regal's affirmative defenses "B," "D" and "E" all stem from its liquidation under chapter 7 of the bankruptcy code. 11 U.S.C. §§ 701–766. NAC challenges each of these affirmative defenses. NAC asserts that they are insufficient as a matter of law and should be stricken because they are not set forth in § 9607(b). I decline to strike these affirmative defenses on this ground even though NAC correctly notes that none of these bankruptcy defenses are listed as permissible defenses under § 9607(b). This is so because at least one court has addressed the merits of a bankruptcy defense similar to one advanced by Regal which suggests that CERCLA does not trump the provisions of the bankruptcy code. *See United States v. Union Scrap Iron & Metal,* 123 B.R. 831 (D.Minn.1990) (merits of defendant's defense of discharge in bankruptcy addressed on motion for summary judgment).

■ NAC also contends that affirmative defense "B" which asserts Regal's discharge in bankruptcy as a bar to NAC's CERCLA claims is without merit and should be stricken. NAC claims that Regal, as a corporate debtor, could not receive a discharge under chapter 7. Regal does not challenge this proposition, nor can it since the bankruptcy code is quite specific that only individuals are entitled to a discharge under a chapter 7 liquidation proceeding. *See* 11 U.S.C. § 727(a)(1); *In re Goodman,* 873 F.2d 598, 602 (2d Cir.1989).

Based on the foregoing, it is inescapable that Regal, as a corporate debtor, could not have received a discharge in its liquidation proceeding under chapter 7. Thus, in the absence of any question of law or fact, Regal's affirmative defense that NAC's claims were discharged in bankruptcy will be stricken as it has no basis in law.

■ NAC contests the sufficiency of Regal's affirmative defense "D" which alleges that NAC's claims are "barred by the Federal Laws of Bankruptcy." The first flaw of this allegation is that it is conclusory and fails to provide any factual basis for the defense. *416.81 Acres of Land,* 514 F.2d at 631. To the extent that this defense amounts to a claim that the automatic stay provision of the bankruptcy code bars the instant action, that defense is without merit. This is so because the automatic stay expires

when the bankruptcy proceeding is closed. 11 U.S.C. § 362(c)(2)(A). It is undisputed that Regal's bankruptcy case closed on August 7, 1990—well over two years before the commencement of NAC's CERCLA enforcement action. For these reasons, I believe it appropriate to strike Regal's affirmative defense "D."

■■■ The sufficiency of Regal's affirmative defense "E" is also called into question by NAC. According to this affirmative defense, NAC has waived all claims against Regal by its failure to file a claim against Regal in bankruptcy.

NAC does not deny that it did not file a claim against Regal in its bankruptcy proceeding. However, NAC contends that it could not waive its claim against Regal because it was not required to file a proof of claim in Regal's bankruptcy proceeding. This is so, NAC maintains, because pursuant to 11 U.S.C. § 501 a creditor is not obligated to file a proof of claim in a bankruptcy proceeding under chapter 7. Moreover, NAC maintains that Regal's waiver theory is undermined by the fact that Regal did not receive a discharge of its debts.

Regal offers no authority or argument to support its waiver argument but merely cites to the complexity of bankruptcy law in general as justification for allowing the development of this affirmative defense. In the absence of any legal support for Regal's waiver theory, I am unable to conclude that Regal has some possibility of success on the merits of this defense. Thus, I will strike Regal's affirmative defense of waiver.

## II. MOTION TO AMEND ANSWER

Regal has filed a motion to amend its answer along with a proposed amended answer. A review of the proposed amended answer discloses that Regal seeks leave to amend its third party affirmative defense "C" of its original answer to include the requisite elements of a third party defense as identified under 42 U.S.C. § 9607(b)(3). Regal also wishes to cure deficiencies in its original answer in connection with its affirmative defenses of failure to mitigate damages, laches and lack of capacity to be sued. In particular, Regal attempts to provide a factual basis for each of these affirmative defenses.

Regal seeks to add an act of God affirmative defense as provided for under § 9607(b)(1) and a defense which alleges a combination of an act of God and a third party as provided for under § 9607(b)(4).

■■ Rule 15(a), Federal Rules of Civil Procedure governs amendments to pleadings and provides, in part:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court....

Because this action has been placed upon the trial calendar and more than 20 days has expired from the date of service of Regal's answer, Regal has correctly sought leave of court to amend its pleading. Whether to grant a motion to amend a pleading is within a court's discretion. *Goulding v. Feinglass,* 811 F.2d 1099, 1103 (7th Cir.), *cert. denied,* 482 U.S. 929, 107 S.Ct. 3215, 96 L.Ed.2d 701 (1987) (citing *Verhein v. South Bend Lathe, Inc.,* 598 F.2d 1061 (7th Cir.1979)).

NAC does not object to Regal's request to cure the deficiencies of its third party defense by including the necessary elements of that defense as identified under §§ 9607(b)(3). Further, NAC voices no objection to Regal's plea to add the affirmative defenses contemplated under §§ 9607(b)(1) and (b)(4)—act of God and a combination of an act of God and a third party, respectively. In the absence of any objection, Regal will be permitted to amend its answer to cure its third party defense and to add the defenses provided for under §§ 9607(b)(1) and (b)(4).

Regal requests that it be allowed to amend its answer to provide a factual basis for its affirmative defense which alleges that NAC failed to mitigate its damages. However, I have concluded that this defense should be stricken on the ground that CERCLA does not allow a defendant to raise the plaintiff's failure to mitigate as a defense irrespective of the factual basis underlying the defense. Thus, Regal will not be granted leave to amend its pleading in this regard.

Regal also seeks leave to add a factual basis for its laches affirmative defense and its affirmative defense which asserts its lack of capacity to be sued. Regal's laches defense survived NAC's motion to strike. Nevertheless, NAC opposes the requested amendment by reciting the same arguments advanced by it in connection with its motion to strike. Because I have already rejected these arguments, I will grant Regal's request to amend its answer to provide a more thorough factual basis for its laches defense.

As to Regal's affirmative defense alleging that it lacks the capacity to be sued, I have determined that this defense, as pleaded in the original answer, was insufficient insofar as it was conclusory and devoid of any factual basis. Because Regal's request to add a factual foundation for this defense may cure these deficiencies, Regal will be permitted to so amend its answer.

As a final matter, I note that Regal filed its motion to amend and proposed amended answer before I ruled on NAC's motion to strike Regal's affirmative defenses. Consequently, Regal's amended pleading still lists the three bankruptcy defenses, lack of personal jurisdiction and insufficient service of process as affirmative defenses. Any amended answer which is served and filed by Regal on the basis of the instant ruling should reflect my holding that these defenses are stricken. Regal is directed to serve and file an amended answer which is consistent with the terms of this decision and order within 20 days from the date of this decision and order.

### ORDER

Therefore, IT IS ORDERED that NAC's motion to strike Regal's affirmative defenses be and hereby is granted to the extent that the affirmative defenses articulated in paragraphs "B," "C," "D," "E," "F," "H," "I," and "J" are stricken.

IT IS ALSO ORDERED that the portion of NAC's motion to strike Regal's affirmative defense seeking to strike the affirmative defense in paragraph "A" be and hereby is dismissed as moot.

IT IS FURTHER ORDERED that NAC's motion to strike Regal's affirmative defenses be and hereby is denied in all other respects.

IT IS FURTHER ORDERED that Regal's motion to amend its answer be and hereby is granted to the extent that it seeks to amend its third party, laches and lack of capacity to be sued affirmative defenses and to add the defenses available under 42 U.S.C. § 9607(b)(1) and (b)(4).

IT IS FURTHER ORDERED that Regal's motion to amend its answer be and hereby is denied in all other respects.

IT IS FURTHER ORDERED that Regal be and hereby is directed to serve and file an amended answer which comports with the terms of this decision and order no later than 20 days from the date of this decision and order.

IT IS FURTHER ORDERED that each party shall bear its own costs in connection with the several motions addressed in this decision and order.