**JOHNSON COUNTY AIRPORT COMMISSION, Plaintiff,**

v.

**PARSONITT COMPANY, INC., Defendant.**

Civ. A. No. 95–2159–EEO.

United States District Court, D. Kansas.

Feb. 5, 1996.

Mark D. Hinderks, Stinson, Mag & Fizzell, Overland Park, KS, Ellen S. Goldman, Stinson, Mag & Fizzell, Kansas City, MO, for plaintiff.

James O. Neet, Jr., Shook, Hardy & Bacon, Kansas City, MO, Bill J. Hays, Shook, Hardy & Bacon, Overland Park, KS, for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Senior District Judge.

This matter is before the court on defendant's Motion to Dismiss all four counts of plaintiff's complaint (Doc. # 5) and plaintiff's Motion For Leave to File First Amended Complaint (Doc. # 9). For the reasons set forth below, defendant's motion to dismiss will be granted as to Count I and denied as to Counts II, III, and IV. Plaintiff's motion to amend will be granted.

*Factual Background*

Plaintiff, Johnson County Airport Commission, is· a public commission organized and appointed by the Board of County Commissioners of Johnson County, Kansas. Plaintiff alleges in its complaint that it leased certain

real property and improvements at the Johnson County Industrial Airport to defendant, Parsonitt Company, Inc., for an industrial glove dry cleaning business. Three underground storage tanks located adjacent to the leased property were allegedly used by defendant to store perchloroethylene and other dry cleaning solvents.

Plaintiff alleges that defendant caused releases of hazardous substances into the environment in two ways. First, by improperly storing and disposing of solvents at the leased property, and second, by spilling perchloroethylene in connection with an August 1988 boil-over in the vapor recovery system. Plaintiff alleges that the soil and groundwater at the leased property and adjacent parcels are contaminated as a result. Plaintiff has allegedly incurred response costs required by the Kansas Department of Health and Environment ("KDHE") in connection with this contamination.

*Discussion*

*I. Standards for a motion to dismiss*

■ A complaint may not be dismissed for failure to state a claim upon which relief may be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Grider v. Texas Oil & Gas Corp.,* 868 F.2d 1147, 1148 (10th Cir.

1989), *cert. denied,* 493 U.S. 820, 110 S.Ct. 76, 107 L.Ed.2d 43 (1989). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.* The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

*II. Defendant's Motion to Dismiss Count I*

Defendant asks the court to dismiss plaintiff's cost recovery claim under section 107 of The Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), as amended by the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), 42 U.S.C. § 9607, arguing that, as a potentially responsible party ("PRP")[1], plaintiff is foreclosed from asserting such a claim.

■ CERCLA provides two types of legal actions by which parties can recoup costs associated with hazardous waste cleanup— cost recovery actions under section 107(a)[2], and contribution actions under section 113(f)[3]. *United States v. Colorado & East-*

1. The term "potentially responsible party" or "PRP" is sometimes used by litigants or courts to refer to section 107(a)'s enumeration of parties that will be liable for cleanup costs. *See* Steven Baird Russo, *Contribution Under CERCLA: Judicial Treatment After Sara,* 14 Colum.J.Envtl.L. 267, 269 (1989).

2. CERCLA section 107(a) [42 U.S.C. § 9607(a)] provides in pertinent part:
Liability
(a) Covered persons; scope
　Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section—
(1) the owner and operator of a vessel or a facility,
(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
(3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or

arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances,
　　*　　*　　*　　*　　*　　*
(4) ... shall be liable for—
(A) all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the national contingency plan;
(B) any other necessary costs of response incurred by any other person consistent with the national contingency plan....

3. CERCLA section 113(f) [42 U.S.C. § 9613(f)] provides in pertinent part:
Civil proceedings
(f) Contribution
(1) Contribution
Any person may seek contribution from any other person who is liable or potentially liable under

*ern R.R. Co.*, 50 F.3d 1530, 1535 (10th Cir. 1995) ("*CERC*"). Section 107(a) imposes liability on PRPs regardless of fault. *See County Line Inv. Co. v. Tinney*, 933 F.2d 1508, 1515 (10th Cir.1991). By contrast, in a contribution claim under section 113(f), "the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate." 42 U.S.C. § 9613(f)(1).

In Count I of the complaint, plaintiff seeks recovery of its response costs pursuant to section 107(a)(1), (2) and (3). Plaintiff asserts that defendant is responsible for plaintiff's response costs due to defendant's alleged status as: (1) the present operator of the site, (2) the operator at the time of the release of hazardous substances, and (3) the party that arranged for disposal of hazardous substances owned or possessed by defendant. Defendant counters that plaintiff's own status as a section 107 liable party precludes it from asserting a claim against defendant under that section. We agree.

In *CERC*, the Tenth Circuit held that when one PRP sues another to recover expenditures incurred in cleanup and remediation, the claim is one for contribution and is controlled by section 113(f). *CERC*, 50 F.3d at 1536. *See also United Technologies Corp. v. Browning–Ferris Indus., Inc.*, 33 F.3d 96 (1st Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1176, 130 L.Ed.2d 1128 (1995) (treating claim by liable party for reimbursement of costs as contribution action and holding that only parties not themselves liable under CERCLA may bring cost recovery actions under section 107(a)).

The *CERC* court's approach to the issue of cost recovery suits between PRPs focused on the section 107(a) status of the parties. "There is no disagreement that both parties are PRPs *by virtue of their past or present ownership* of the site...." *CERC*, 50 F.3d at 1536 (emphasis added). Under *CERC*, PRPs are barred from bringing section 107 cost recovery actions.[4] *Id.* at 1534. In short, any claim that would reapportion costs between PRPs is "the quintessential claim for contribution." *Id.* at 1536.

■■■ CERCLA section 107(a) liability is established if: (1) the site in question is defined as a "facility" in section 101(9); (2) a release or a threatened release of a hazardous substance occurred at the site; (3) response costs were incurred as a result of the release or threatened release; and (4) the party in question is a responsible person under section 107(a). *See United States v. SCA Servs. of Ind., Inc.*, 865 F.Supp. 533, 543 (N.D.Ind.1994). In the instant case, plaintiff is a liable party under the following facts, as alleged in plaintiff's complaint: (1) the site at issue is a "facility" because dry cleaning solvents were stored and used on the property; (2) a release was caused at the site by improper storage and disposal practices and a boil-over of perchloroethylene; (3) plaintiff incurred response costs; and (4) plaintiff owned the site at the time of the release. These allegations are similar to those that created PRP status for the complaining parties in *CERC*. *See CERC*, 50 F.3d at 1536.

section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title. Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law. In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate. Nothing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under section 9606 or section 9607 of this title.

**4.** We note that in *Key Tronic Corp. v. United States*, —— U.S. ——, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994), the Supreme Court appeared to permit PRPs to assert section 107(a) claims. *Key Tronic* presented the question of "whether attorney's fees are 'necessary costs of response' within the meaning of § 107(a)(4)(B)." *Id.* at ——, 114 S.Ct. at 1963. In deciding that issue, the Court characterized § 107 and § 113 as "similar and somewhat overlapping remed[ies]." *Id.* at ——, 114 S.Ct. at 1966. Moreover, the Court referred to § 107 as "impliedly authoriz[ing] private parties to recover cleanup costs from *other* PRP's." *Id.* at ——, 114 S.Ct. at 1967 (emphasis added). We believe that what was said in *Key Tronic* was in different context from the instant case. Although *Key Tronic* was decided prior to *CERC*, the Tenth circuit did not mention or discuss *Key Tronic*. We must assume that the circuit did not consider *Key Tronic* controlling on the question.

Under the broad language of *CERC*, PRP status by virtue of ownership is the critical factor. *Id.* at 1536. Plaintiff attempts to narrow this broad language by latching onto the Tenth Circuit's ruling that, on the facts before the court, Act-of-God and Act-of-Third-party defenses were mooted by admissions of PRP status and section 107 liability. *CERC*, 50 F.3d at 1539. We disagree with plaintiff's assertion that this ruling makes such an admission a prerequisite to establishing PRP status.[5]

Plaintiff points to a recent case in this court for the proposition that PRPs that have not been adjudicated liable should be allowed to assert a section 107 cost recovery claim. *Hawks v. City of Coffeyville*, No. CIV. A. 93–2555–KHV, 1995 WL 353378 (D.Kan. Apr. 10, 1995). In denying a defendant's motion to dismiss a section 107 claim, the court said, "defendants have not shown as a matter of law that [plaintiff] is a liable party [PRP] under Section 107." *Id.* at *1. The context of *Hawks* appears to indicate that the court was addressing a factual dispute involving PRP status. In contrast, the plaintiff in the instant case pleads facts that make it a PRP as a matter of law—i.e., that plaintiff leased property to defendant at which, as a result of defendant's perchloroethylene spill, soil and groundwater is contaminated.

Although plaintiff argues that, as a governmental entity, it is entitled to assert a section 107(a) claim, its status as a Kansas "commission"[6] does not equate with such a right. *Compare* 42 U.S.C. § 9601(21) *with* 42 U.S.C. § 9601(27) ("commission" specifically included in CERCLA definition of "person," while not included in definition of "State"). *See also City of Heath v. Ashland Oil, Inc.*, 834 F.Supp. 971, 977 (S.D.Ohio 1993) (finding that a municipality is not a "state" for purposes of 42 U.S.C. § 9607(a)(4)(A) because "[m]unicipality is specifically included in the definition of 'person' and is not found in the definition of 'state'"); *Town of Bedford v. Raytheon Co.*, 755 F.Supp. 469, 475 (D.Mass. 1991) (same); *City of Philadelphia v. Stepan Chem. Co.*, 713 F.Supp. 1484, 1488–89 (E.D.Pa.1989) (same); *Washington State Dept. of Transp. v. Washington Natural Gas Co.*, 59 F.3d 793, 800–01 (9th Cir.1995) (statewide agency properly defined as "state," as distinguished from "municipalities" having only local authority). As a CERCLA defined "person," and not a "State," plaintiff is barred from asserting a section 107 claim.

Because plaintiff is not a "State," this court does not reach the issue of how *CERC* impacts the rights of "States" to bring section 107 actions. Were plaintiff a CERCLA "State," the impact of that designation would be unclear. *See, e.g., FMC Corp. v. United States Dep't. of Commerce*, 29 F.3d 833, 840 (3d Cir.1994) ("[G]overnment is liable in the same manner and to the same extent as any non-governmental entity.").

Our view, that the Tenth Circuit intended that its *CERC* holding be broadly applicable, is consistent with interpretations by other district courts. One court distinguished *CERC* from the case before it on two grounds: (1) that the response costs at issue in *CERC* were not voluntarily incurred, and (2) that the *CERC* defendants had already settled their liability with EPA. *Ekotek v. Self*, 881 F.Supp. 1516, 1521 (D.Utah 1995). There the court concluded that the "decisive point" of *CERC* was the plaintiff's "status as a responsible party . . . 'by virtue of . . . past or present ownership of the site.'" *Id.* (quoting *CERC*, 50 F.3d at 1536). Citing the "broad language" of *CERC* as compelling this conclusion, the court said: "That it is the plaintiff's status as a PRP . . . which is controlling may be seen in the [Tenth Circuit's] simple and straightforward approach to the issue, and its conclusion that 'claims between

---

5. Moreover, these defenses have not been raised by plaintiff in the instant case. In fact, plaintiff pleads facts foreclosing the availability of the Act-of-Third-party defense. Plaintiff states that defendant and plaintiff entered into a lease agreement covering the contaminated site at which defendant later spilled perchloroethylene. *See* Complaint ¶ 6 and ¶ 8. Section 107(b)(3) explicitly limits the Act-of-Third Party defense to situations in which a third party's act or omis-

sion occurs outside any contractual relationship with the party that is otherwise a PRP. 42 U.S.C. § 9607(b)(3).

6. Plaintiff was created under K.S.A. 3–301 *et. seq.*, which authorizes operation, maintenance, and care of county airports by commissions appointed by boards of county commissioners.

PRPs to apportion costs between themselves are contribution claims pursuant to 113 regardless of how they are pled.'" *Id.* (quoting *CERC,* 50 F.3d at 1539).

Similarly, in *Bancamerica Commercial Corp. v. Trinity Industries,* 900 F.Supp. 1427 (D.Kan.1995), the court said "when one potentially responsible party sues another to recover expenditures incurred in cleanup and remediation, the claim is one for contribution and is controlled by § 113(f)." *Id.* at 1450 (citing *CERC,* 50 F.3d at 1536). In sum, we are compelled by the broad language of *CERC* to hold that plaintiff's section 107 claim should be dismissed.

### III. Plaintiff's Motion For Leave to File a First Amended Complaint

Plaintiff requests leave to file a First Amended Complaint to bring a section 113 claim for contribution against defendant for defendant's allocable share of the response costs. Defendant objects, arguing that plaintiff's section 113(f) claim is premature. Defendant contends that plaintiff must have incurred liability under section 107 to bring a section 113 claim. We disagree.

■ Plaintiff has allegedly done investigative work which was acknowledged and approved by the KDHE in the Consent Agreement. It is well established that investigation costs and costs associated with determining how to solve contamination problems are recoverable response costs under CERCLA. *See, e.g., Key Tronic,* —— U.S. at ——, 114 S.Ct. at 1967 (identifying other PRPs may constitute a necessary cost of response); *Bolin v. Cessna Aircraft Co.,* 759 F.Supp. 692, 711 (D.Kan.1991) (groundwater testing potentially recoverable); *Brewer v. Ravan,* 680 F.Supp. 1176, 1179 (M.D.Tenn.1988) (on-site testing and water monitoring are recoverable costs).

■ Defendant argues that plaintiff does not presently have a section 113(f) claim because the complaint does not state that a section 106 or section 107 civil action has been filed against plaintiff. Nothing in the language of section 113(f) restricts contribution actions to parties who have incurred liability under section 107. To the contrary,

the statute provides that "nothing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under § 9606 or § 9607 of this title." *See, e.g., Mathis v. Velsicol Chem. Corp.,* 786 F.Supp. 971 (N.D.Ga.1991) ("The statute by its plain terms and meaning prevents Plaintiffs from maintaining a defense concerning the pendency of a civil action under CERCLA."). Accordingly, the court finds that for good cause shown, plaintiff's motion for leave to amend should be granted.

### IV. Defendant's Motion to Dismiss Count II

Count II of plaintiff's complaint seeks declaration of its rights and legal relationship with defendant pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiff prays for a declaratory judgment that defendant is obligated to pay for all future investigative and remediation costs at the facility. Defendant contends that plaintiff is not entitled to a declaratory judgment against defendant because it has no valid claim under CERCLA and because no controversy exists which merits judicial determination.

■ Under 28 U.S.C. §§ 2201 and 2202, the court's jurisdiction is premised "on the existence of a case or controversy." *Blinder Robinson & Co. v. U.S. S.E.C.,* 748 F.2d 1415, 1418 (10th Cir.1984) (citing *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971)), *cert. denied,* 471 U.S. 1125, 105 S.Ct. 2655, 86 L.Ed.2d 272 (1985). The test is whether, under the facts and circumstances alleged, there is a substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Preiser v. Newkirk,* 422 U.S. 395, 402, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975).

■ Defendant's argument that dismissal is appropriate because plaintiff has no section 107 claim misses the mark. Plaintiff has a valid and present claim under CERCLA section 113(f).

## V. Defendant's Motions to Dismiss Counts III and IV

In its Complaint, plaintiff asserts a claim for indemnity pursuant to the terms of an ongoing Lease Agreement between plaintiff and defendant (Count III), and a claim for declaratory judgment affirming defendant's obligations under the Lease which include defendant's continuing obligation to indemnify, protect, defend, and save Landlord and the County harmless from liability and costs arising from damage to the property (Count IV). Defendant seeks dismissal of both counts, arguing: (1) the underlying claim over which this court would have original jurisdiction is subject to dismissal, and (2) the court lacks compelling reasons in favor of exercising supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). *See Dow v. Terramara, Inc.*, 835 F.Supp. 1299, 1303 (D.Kan. 1993) (citing *Thatcher Enterp. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990) (following the rule that state claims should be dismissed because notions of comity and federalism demand that a state try its own lawsuits)).

By ruling that plaintiff has a CERCLA § 113(f) claim against defendant, this court has removed the premise of defendant's first argument. Additionally, plaintiff's breach of contract claims under Counts III and IV are related to the alleged hazardous releases that gave rise to the section 113 claim. There is ample justification for the court to exercise supplemental jurisdiction over Counts III and IV.

IT IS THEREFORE ORDERED that defendant's Motion to Dismiss (Doc. # 5) is granted as to Count I and denied as to Counts II, III, and IV.

IT IS FURTHER ORDERED that Plaintiff's Motion For Leave to File First Amended Complaint (Doc. # 9) is granted.