Sheila M. BAILEY, Plaintiff,

v.

Togo C. WEST, Jr., Secretary of the Department of the Army; and Richard Ragland, Defendants.

Civil Action No. 95–2147–EEO.

United States District Court, D. Kansas.

Sept. 4, 1996.

Gail M. Hudek, Paul F. Pautler, Jr., Kimberly A. Jones, Hudek & Associates, P.C., Kansas City, MO, for plaintiff Sheila M. Bailey.

Robert A. Olsen, Office of United States Attorney, Kansas City, KS, for defendant Togo West, Jr.

Jeffrey L. Baxter, Chapman, Waters & Baxter, Leavenworth, KS, Jeffrey E. Goering, Triplett, Woolf & Garretson, Wichita, KS, for defendant Richard Ragland.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on the motion of defendant Togo C. West, Jr., to dismiss or, in the alternative, for summary judgment (Doc. # 77). Plaintiff has responded and opposes the motion. For the reasons stated herein, defendant's motion is denied.

This is a sexual harassment case brought under Title VII of the Civil Rights Act of 1964. Plaintiff alleges that she was the victim of sexual harassment under both the *quid pro quo* and hostile work environment theories. Plaintiff also alleges pendent state law claims of sexual assault and battery, and the tort of outrage. We are aware of and recognize the principles governing motions to dismiss, *see Johnson County Airport Commission v. Parsonitt Company, Inc.,* 916 F.Supp. 1090, 1092 (D.Kan.1996), and the standards for summary judgment, *see Premsingh v. UNUM Life Insurance Company,* 929 F.Supp. 1391, 1394 (D.Kan.1996).

Defendant first alleges that "plaintiff's claim of jurisdiction under Title 28 must be struck." The specific basis for defendant's objection is not clear. The court's July 10, 1996, pre-trial order states, "[t]his Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and 28 U.S.C. § 1331." Defendant failed to

assert any objections to jurisdiction pursuant to 28 U.S.C. § 1331 in either its proposed pretrial order or during the court's pretrial conference. The court finds that defendant has failed to articulate any legally tenable objection to this court's jurisdiction.

Next, defendant seeks to dismiss as untimely all allegations of sexual harassment that occurred outside the 45-day period immediately preceding plaintiff's March 1, 1994, contact with the Army's EEO Counselor. Specifically, defendant argues that plaintiff failed to timely file an administrative charge of harassment in accordance with 29 C.F.R. § 1614.105(a)(1) and, thus, the first seven representative instances of harassment identified in her complaint are untimely and should be dismissed. Defendant contends that the Tenth Circuit decision in *Martin v. Nannie and the Newborns, Inc.*, 3 F.3d 1410 (10th Cir.1993), supports a determination that the continuing violation doctrine would not apply to allow plaintiff's first seven allegations of harassment to be included as part of her claim. We do not agree.

In *Martin*, the court stated "[t]here must, however, be at least *one* instance of the discriminatory practice within the filing period for the doctrine to apply, and the earlier acts must be part of a continuing policy or practice that includes the act or acts within the statutory period." *Id.* at 1415 (citing *Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537 (10th Cir.1987)). Defendant concedes that at least one of plaintiff's allegations of sexual harassment (the February 3, 1994, incident) occurred within forty-five days of the filing period.

■ In determining whether the prior incidents of discrimination constitute a continuing course of discrimination or whether they are discrete unrelated acts, the Tenth Circuit has adopted the approach taken by the Fifth Circuit in *Berry v. Board of Supervisors of Louisiana State Univ.*, 715 F.2d 971, 981 (5th Cir.1983), *cert. denied*, 479 U.S. 868, 107 S.Ct. 232, 93 L.Ed.2d 158 (1986). In *Berry*, the court set forth several nonexclusive considerations, including: (i) subject matter—whether the violations constitute the same type of discrimination; (ii) frequency; and (iii) permanence—whether the nature of the violations should trigger an employee's awareness of the need to assert her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. *Martin*, 3 F.3d at 1415. Courts examine the *Berry* factors collectively; a deficiency in one prong of the *Berry* test may be outweighed by strong evidence supporting the remaining two factors. *See Martin*, 3 F.3d at 1416.

Plaintiff argues that *Martin* supports denying defendant's request to dismiss. We have carefully reviewed the opinion in *Martin*, and conclude that it is factually closely analogous to plaintiff's case and, indeed, supports plaintiff's position. Examining plaintiff's allegations in light of the *Berry* factors, we conclude that plaintiff has set forth sufficient facts to raise a triable issue on whether defendant's agent, Richard Ragland, engaged in a continuing pattern of discriminatory conduct such that we should consider the incidents alleged to have occurred prior to the 45-day time limitation.

■ First, plaintiff's allegations reference the same type of discrimination, to wit, sexual harassment. Her EEOC charge and complaint allege persistent touching, fondling, and sexually explicit comments by Ragland. We find that the subject matter of each alleged event is sufficiently similar to support a continuing violation theory.

■ Second, the frequency of Ragland's alleged conduct also supports a finding of a continuing discriminatory pattern. Plaintiff alleges that Ragland's comments and physical advances occurred two to three times a week for almost the entire two-year period she was under his supervision. She claims that her employers allowed an atmosphere of sexual harassment to exist even after they had notice. The fact that there are gaps between the eight specific incidents identified in plaintiff's complaint does not demonstrate a lack of continuity. *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 475 (5th Cir.1989) (citing *Meritor Savings Bank FSB v. Vinson*, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986) (plaintiff's claims of sexual harassment encompassed incidents over a four-year period)). Rather, plaintiff specifically stated in

her EEOC Charge that the sexual harassment directed against her by Ragland "included but was not limited to" the particular eight instances described therein.

■ While the third factor, permanence, is more difficult to evaluate, we find a lesser showing on that factor does not preclude application of the continuing violation doctrine. Given the overwhelming evidence of the doctrine's first two prongs (similarity and frequency), we believe plaintiff has shown enough to avoid dismissal on the statute of limitations issue. This approach was followed in *Martin*. There, the plaintiff was subjected to sexual harassment from the inception of her employment in 1988 until her termination in May 1990, after over two years of touching, fondling, and inappropriate sexual comments from her supervisor and co-employees. In October of 1988, the owner of the company for whom she worked propositioned her; when she refused, he raped her. *Id.* at 1413. Although the plaintiff did not file a charge of discrimination until August 1990, the Tenth Circuit held that she had raised a triable issue of fact as to whether the defendant was guilty of a continuing violation of sexual harassment. *Id.* at 1415. The court acknowledged that "[c]ertainly some of the events, including the rape, should have been reported at the time they occurred. [The plaintiff] allowed the sexual harassment to continue for a long time before she filed a complaint with the EEOC." *Id.* at 1416. Nevertheless, the court reversed the district court's grant of summary judgment on this issue. The Tenth Circuit held that plaintiff's presentation on the first two factors, subject matter and frequency, was sufficient under the circumstances to outweigh any weaknesses on the permanence factor. *Id.*

We conclude, in light of *Martin*, that plaintiff has presented sufficient evidence of the three *Berry* factors, on the whole, to allow plaintiff to avoid dismissal (and summary judgment) on the statute of limitations issue.

■ We now must proceed to determine whether all the incidents alleged, including those within and outside of the limitations period, are sufficient to establish a case of sexual harassment under either the *quid pro quo* or hostile work environment theories. The court has carefully reviewed the record, and finds that genuine issues of material fact exist which preclude entry of summary judgment for defendant on either theory.

■ To prevail on a *quid pro quo* discrimination claim, the plaintiff must show that submission to unwelcome sexual conduct is made "either explicitly or implicitly" a term or condition of an individual's employment. *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1414 (10th Cir.1987). Specifically, plaintiff presents evidence that: Ragland made it implicitly clear to her that he would positively influence her career with the Army if she stayed in his good graces; that Ragland, who was plaintiff's performance rater and the person responsible for all personnel administrative matters, repeatedly reminded plaintiff of how he obtained promotions for his previous secretaries and that he would get plaintiff a promotion if they remained "on good terms;" that Ragland's statements and representations made it clear to plaintiff that her prospects for promotion were tied to her continued submission to his unwelcome sexual advances; and that Ragland made clear to plaintiff that if she submitted to his unwelcome sexual advances and did not complain to others, he would treat her favorably by awarding her compensatory time that she had not technically earned. Whether Ragland's promises and offers were either "explicitly or implicitly" conditioned on plaintiff's continued submission to his advances is a jury question precluding summary judgment.

■ We find that plaintiff has brought forth sufficient evidence to withstand summary judgment on her claim of hostile work environment sexual harassment as well. In order to establish a prima facie case of hostile work ·environment sexual harassment, plaintiff must present evidence that: (1) he or she is a member of a protected group; (2) the conduct in question was unwelcome; (3) the harassment was based on sex; (4) the harassment was sufficiently severe or pervasive to create an abusive working environment; and (5) that some basis exists for imputing liability to the employer. *Eichen-*

*wald v. Krigel's, Inc.*, 908 F.Supp. 1531, 1539 (D.Kan.1995).

██ Defendant does not contest the existence of evidence to support the first four elements of the prima facie case, but argues only that the Army should not be liable for the harassment. In other words, defendant argues that plaintiff has failed to allege evidence sufficient to create a genuine issue of fact as to the fifth prima facie element. We do not agree.

██ An employer may be held liable for a supervisor's acts of sexual harassment resulting in a hostile work environment (1) where the employer fails "to remedy or prevent a hostile or offensive work environment of which management-level employees knew, or in the exercise of reasonable care should have known" and (2) where the harasser acted under apparent authority from the employer, or was aided in accomplishing the harassment by his relationship to the employer. *Hirschfeld v. New Mexico Dep't of Corrections*, 916 F.2d 572, 577, 579 (10th Cir.1990).

Plaintiff has presented sufficient facts, which, when viewed in the light most favorable to plaintiff, preclude summary judgment on her hostile work environment sexual harassment claim. Specifically, plaintiff has presented evidence that the Army actually knew about Ragland's propensity to sexually harass his female subordinates, but took inadequate, if any, remedial action to protect plaintiff. Additionally, plaintiff has presented evidence that Ragland's harassment was aided by his position as plaintiff's performance rater and superior, and through his position as the highest ranking civilian employee in the Organizations Directorate at Fort Leavenworth.

IT IS THEREFORE ORDERED that defendant's motion to dismiss or, in the alternative, for summary judgment (Doc. # 77) is denied.